SMILEY et al. v. VAN WINKLE et al.

A conveyance by a lessee of the remainder of his unexpired term, though it employs words ordinarily used in a demise, and contains a reservation of rent, and the right of re-entry upon covenants broken, is not an underletting or sub-lease, but is considered in law as an assignment of his whole interest, as there remains in him no reversion of the estate; it being one of the essentials of a lease that it contain a reversion in favor of the grantor.

The re-conveyance of the leasehold estate, by mesne conveyances of such a description, to the grantor, passes the entire estate of the lessee, which thereby becomes merged in the fee and extinguished.

Obiter; that executors who have entered into and possessed a leasehold estate, of which their testator was assignee, are liable for the rents accruing during the possession, as assignees, de bonis propriis.

APPEAL from the Superior Court of the City of San Francisco.

This was an action against P. W. Van Winkle, H. W. Halleck and A. C. Peachy, for the rent of certain premises leased by plaintiffs to John Middleton, the lease being by him assigned to Henry Haight, by whom it was assigned to J. L. Folsom; the defendants being appointed executors of the latter shortly after his death, and having held the premises as such executors for the time for which the rent is sought to be recovered.

The complaint sets forth in full the lease from the plaintiffs to John Middleton, in which it is recited that the property is demised to him for the unexpired term of a lease thereof made to the plaintiffs by J. L. Folsom. The lease to Middleton employs the usual words of demise, and contains a reservation of rent and covenant of re-entry for conditions broken. The defence set up is that the defendants have only occupied the premises as executors of Folsom, and that the accounts of plaintiffs for rent have been presented and allowed, to be paid in due course of

administration, and that the defendants are not liable therefor, *de bonis propriis*. The Court below entered judgment for the defendants. Plaintiffs appealed.

*Williams, Shafter and Park* for Appellants.

[The argument for appellants is entirely directed to the question of the liability of the defendants *de bonis propriis*, which appears from the opinion of the Court below to have been the only question there raised.]

*Gregory Yale* for Respondents.

[An elaborate brief was filed for respondents, raising the point on which the decision of this case turned. It has, however, been mislaid, and has never come into the hands of the reporter.]

The opinion of the Court was delivered by Mr. Chief Justice MUR-RAY. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

The question presented by this case, say the learned counsel for the appellants, is, "whether executors who have entered into and possessed a leasehold estate of which their testator was assignee, are liable for the rents accruing during the possession as assignees *de bonis propriis*."

Were this the only question, we would have no difficulty in deciding it in the affirmative, but the facts of the case present a somewhat different inquiry.

The conveyance by Smiley *et al.*, although it employs words ordinarily used in a demise, and contains a reservation of rent and the right of re-entry upon covenants broken, is not an under-letting or sub-lease, but is considered in law as an assignment of their whole interest, as there remains in them no reversion of the estate; for it is one of the essentials of a lease, that it should contain a reversion in favor of the party from whom the grant or assurance proceeds.

If this position be correct, and we are satisfied it cannot be successfully controverted, then the instrument, which was possibly intended for a demise by the parties, in reality operated a conveyance of the entire estate of the lessees to Middleton, through whom, by sundry mesne conveyances, it afterwards returned to the grantor, and was merged in the fee and thereby extinguished. No action will lie against the executors, although it might have been otherwise, had there been no merger.

Judgment affirmed.