## BARNARD's Administratrix *v.* Cox and Others.

PRACTICE.—The Supreme Court will not pass upon a question not presented by the record, simply because the appellee makes no objection to its being done. Even the consent of parties cannot give the court jurisdiction over a case which has not been presented and passed upon in the lower court.

COVENANT OF WARRANTY.—Suit against the widow, heirs and personal representatives of a deceased grantor upon a covenant of warranty contained in a deed. The complaint averred that the decedent left an estate worth $5,000, after the payment of debts, of which the widow received dower, and the heirs took the remainder equally.

*Held*, that no cause of action was shown against the widow, as her dower was not liable for the debts of the husband.

*Held*, also, that as there was an estate yet in course of administration, against which the plaintiff's claim might have been filed, the heirs were not liable, in this form of action, until the assets in the hands of the administrator were exhausted.

APPEAL from the *Morgan* Circuit Court.

FRAZER, C. J.—This was a suit by the administratrix of *Benjamin F. Barnard*, deceased, against the widow and the heirs at law and legal representatives" of the estate of *James Matthews*, deceased, who are named in the complaint, but not distinguished, upon a covenant against incumbrances contained in a deed of conveyance of land, made to the plaintiff's intestate by the ancestor of the defendants in *October*, 1847. The breach alleged was that, at the date of the deed, there was a valid mortgage upon the land for $200,

made in 1839, by *Matthews'* grantor.    That after *Barnard's* death, which occurred in 1851, the plaintiff, as his administratrix, to prevent the sale of the land to satisfy it, paid off the mortgage on the 23d of *February,* 1859, the amount due thereon then being $330 90.    It is further alleged that *Matthews* died on the 8th of *February,* 1852, seized in fee simple of an estate, real and personal, worth $5,000, and that that sum in real and personal property remained for distribution, after paying his debts, of which "the widow received dower, and the heirs took equally of the remainder."

The only error assigned by the appellant is that the court below overruled a demurrer to the second paragraph of the answer, which averred that "the plaintiff's cause of action did not accrue to her within one year before the commencement of the suit."

It will be observed that the complaint does not aver that there had been a final settlement of *Matthews'* estate in any manner provided by law.    The argument on both sides, however, treats the case as if that allegation was made, and that such settlement was made in 1857, and unless we so assume we cannot reach the only question argued here by the appellant, and upon which she seems to desire a decision.

We cannot, with any propriety, pass upon a question not presented in the record, simply because the appellee makes no objection to our doing so.    In the case before us, we must, if we do so, determine a case which was never before the court below, and thus virtually make our jurisdiction original.    The law makes this an appellate tribunal, and we cannot directly change its functions.    We ought not to do by indirection and evasion what we cannot accomplish directly.    Even the express consent of parties would not warrant us in it, and the mass of legitimate business before us does not invite it.

The demurrer reached the complaint, which was fatally defective.    As against the widow of *Matthews,* it is plain

that no cause of action was shown. Her "dower" was not liable to the debts of her husband, and she is alleged to have received only that.

As against the "legal representative," by which we understand the administrator or executor, (6 Madd. 159; 5, Vesey. R. 402,) the suit would not lie. If there was such administrator or executor, which is a necessary inference from the fact that some one is sued as such, then there was an estate in course of administration, against which the plaintiff's claim should have been prosecuted as the statute directs, and until the assets in the hands of the administrator were exhausted, the heirs could not be sued in this form.

The judgment is affirmed, with costs.

*J. V. Mitchell*, for appellant.

*W. R. Harrison* and *W. S. Shirley*, for appellees.