[No. 13044. Department One. —December 30, 1891.]

ANN SHEPPERD, RESPONDENT, v. GEORGE TYLER, APPELLANT.

EJECTMENT — JUDGMENT FOR PLAINTIFF — UNDERTAKING ON APPEAL — RIGHT OF POSSESSION. — An undertaking on appeal by a defendant in an action of ejectment against whom judgment was recovered, that he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, deprives the plaintiff in ejectment of all right of possession pending the appeal, and operates, by virtue of the statute, to give the defendant a lease of the land during the period specified.

ID. — VALUE OF USE AND OCCUPATION — PERSONAL OBLIGATION OF APPELLANT — ESTATE OF DECEDENT. — The obligation of the appealing defendant to pay the value of the use and occupation of the land pending the appeal is a personal obligation, which upon his death survives against his estate, to be collected as any other claim against it; and the rents collected, and the term of the statutory lease, belong to his estate.

ID. — LIABILITY OF ADMINISTRATOR — COLLECTION OF RENTS — CLAIM AGAINST ESTATE. — The administrator of a deceased appellant in an

action of ejectment, who has stayed execution pending the appeal, incurs no personal liability by collecting rent during the period that the statute authorizes him to retain possession of the land. The remedy of the respondent must be sought in the ordinary mode of prosecuting claims against the estate, or from the sureties upon the undertaking.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*D. G. Whittemore*, and *W. B. Tyler*, for Appellant.

*E. P. Cole*, for Respondent.

HARRISON, J. — In an action of ejectment for certain land in San Francisco, — *Brummagin* v. *McCauley*, — pending in the superior court of San Francisco, judgment was rendered June 9, 1882, in favor of the plaintiff, from which an appeal, with an undertaking staying execution, was taken to this court. That judgment was affirmed, and the *remittitur* filed in the superior court April 4, 1885. Pending this appeal, the plaintiff herein, February 2, 1884, succeeded to the rights of the plaintiff in that action, and on the same day the defendant herein was appointed the administrator of the estate of Mc-Cauley, who had died intestate after the appeal was taken. The land in controversy had been rented by McCauley in his lifetime, and after his death the tenant attorned to the defendant herein as administrator, paying him as rent for the premises, in the aggregate, the sum of seventy-five dollars, which was applied by him in the administration of the estate of McCauley. Upon the affirmance of the judgment in this court, the defendant herein directed the tenant to attorn to the plaintiff herein, and thereafter to pay the rent of the premises to her. The plaintiff afterwards brought the present action, alleging ownership of the premises, on the second day of February, 1884, an ouster by the defendant on that day, and that thereafter, until April 4, 1885, the

defendant took and received the rents and profits of the land, amounting to $495, and prayed judgment for the value of the same. Judgment was rendered in her favor for $242, from which, and an order denying a new trial, the defendant has appealed.

The court found as facts, "that on the 2d of February, 1884, the defendant unlawfully entered on the possession of said land, and ousted and ejected the plaintiff therefrom, and kept her so ousted and ejected for the period of eight months; that during said eight months defendant took and received to his use all the rents, issues, and profits of said land and the tenements thereon."

These findings are unsupported by the evidence. There was no evidence before the court that the defendant was ever in possession of the land, or had ousted the plaintiff therefrom, nor was there any evidence that the defendant took or received more than seventy-five dollars of the rents, issues, and profits of the land, and it was shown that he took and received them, not to his own use, but for the use of the estate of which he was administrator.

There can be no ouster of a person from the possession of land, unless such person was entitled to the possession. The undertaking staying execution pending the appeal, which was given by McCauley, deprived the plaintiff in ejectment of all right to any possession of the land until the determination of such appeal, and the plaintiff herein could have no greater right of possession than had her predecessor. The undertaking on the part of McCauley, "that he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof" (Code Civ. Proc., sec. 945), operated, by virtue of the statute, to give to him a lease of the land during that period, in consideration of the obligations contained in the undertaking; and when the plaintiff herein became the owner of the land, she took it subject to this outstanding lease. And as in the case of any other lease, the agreement to pay the value of the use and occupa-

tion was a personal obligation of the defendant who appealed, and upon his death survived against his estate, to be collected as any other claim against it. The profits which he might receive from its use, or the rents which he might collect from his tenant, were his own property, and such rent, as well as the term created by such statutory lease, belonged to his estate. The defendant herein, as his administrator, incurred no personal liability by collecting such rent during the period that the statute authorized him to retain possession of the land. The remedy of the plaintiff herein must be sought from the estate of McCauley in the ordinary mode of prosecuting claims against an estate, or from the sureties upon such undertaking.

The judgment and order denying a new trial are reversed.

GAROUTTE, J., and PATERSON, J., concurred.