## WOODS v. ELY *et al.*

1. Section 3254, Comp. Laws, does not create a new and independent cause of action against heirs, but simply declares a remedy which may be pursued upon a claim upon the covenant or agreement of the ancestor. If the heir has succeeded to real property which, as assets of the estate, should be subject to claims against the ancestor on account of such broken covenant or agreement, then the heir so taking such real estate shall be liable to the extent of its value "in the cases and in the manner prescribed by law."

2. This section must be construed with and as supplimentary to the general statutory provisions for the establishment of claims against estates.

3. Where the ancestor makes a covenant which is broken when made, and subsequently dies, leaving a large estate over and above his debts and liabilities, which, in due course of administration is distributed among his heirs and legatees, after payment of all claims presented and allowed, and his executors discharged, no claim being presented or demand made on account of such broken contract, by reason of which the same is barred as a claim against the estate, and no facts appear to excuse such nonpresentation, no action can be maintained thereon under said section against an heir by reason of his having succeeded to a portion of the real property of said estate.

(Syllabus by the Court.    Opinion filed Oct. 1, 1895.)

Appeal from circuit court, Clark county.    Hon. J. O. AN-DREWS, Judge.

Action to recover for breach of warranty.    Defendants had judgment and plaintiff appeals.    Affirmed.

The facts are stated in the opinion.

*T. H. Null,* for appellant.

*O. F. Woodruff,* for respondents.

Under the statutes of Illinois exhibiting claims to the court means filing with court for allowance.    Wallace v. Gotchell, 106 Ills. 314.    Executors and administrators should interpose the statute of limitations against claims, but their failure to do so, will not deprive the heirs and devisees of its protection. McCoy v. Morrow, 18 Ill. 519;  O'Conner v. O'Conner, 52 Ill. 316; Judy v. Kelly, 11 Ill. 211;  Rosenthal v. Renick, 44 Ill. 202. Heirs are not liable for the debts of their ancestor when the latter leaves personal estate sufficient to discharge all just demands against the estate.    Guy v. Gericks, 85 Ill. 428; Ryan v. Jones, 15 Ill. 1.    The bar of a statute to a claim in one state is a bar in all other governments as to the matter so barred.    Shelby v. Guy, 11 Wheaton 361;  Brent v. Chapman, 5 Cranch 358;  Beckford v. Wade, 17 Vessey, 88;  Power v. Lynch, 3 Mass. 77;  Vermont v. Porter, 5 Day 316;  Hall v. Blake, 13 Mass. 153;  Vancleef v. Lewis, 3 Pick. 12.    In an ancillary administration none but resident creditors can get allowance.    Churchill v. Bailey, 17

Vt. 319; Dawes v. Head, 3 Pick. 127; Churchill v. Bailey 17 Vt. 321. Non-resident creditors must first resort to the domicillary estate, unless it be shown that the estate is insolvent. Miner v. Austin, 45 Ia. 221; Goodall v. Marshall, 11 N. H. 95; 2 Kent's Comm. 434; Davis v. Estey, 8 Pick. 475; Hunt v. Fay, 7 Vt. 170; Barry's App., 88 Pa. St. 131.

Kellam, J. The plaintiff, who is now appellant, alleges the following facts as his cause of action: In March, 1882, one R. S. W. Ely, then and until his death a resident of the state of Illinois, made, with others, a warranty deed, with full covenants, of certain lands in the state of Texas, to the plaintiff and appellant, for the consideration of $1,000. That the grantors in said deed had no title to the lands described, and that the plaintiff has never received any therefrom. That in May, 1888, the said R. S. W. Ely died, leaving as heirs, surviving him, the defendants, Spencer and Hattie Ely. That at the time of his death he was seized of certain lands in Clark county, in this state, which descended to and are now owned and possessed by said defendants. Plaintiff asks judgment upon these facts, against said defendants for the amount of his damages on account of such broken covenant of the said R. S. W. Ely, "or so much thereof as the said defendants, as heirs of said R. S. W. Ely, may be answerable for under the laws of this state." The answer of defendants denied the breach, denied that the consideration was $1,000, but alleged that it was certain mining stock, which proved to be worthless, and that plaintiff had suffered no damage; and, besides other affirmative matter in defense, it alleged that the said R. S. W. Ely died in Whiteside county, in the state of Illinois, in September, 1887; that he left a will, which was duly probated in said county, and under which the executors therein named, who were also residents of said county, duly qualified and settled the estate of the said Ely, deceased; that the said Ely, at his death, as aforesaid, left a large amount of personal property, which passed into the

hands of his said executors; and that, after the full payment and discharge of all debts and claims presented and proven against his estate, the said executors still had in their hands over $20,000 of personal property so left by deceased at his death, which by order of the probate court, and in the due administration and settlement of said estate, was by them duly distributed and paid over to the heirs and legatees in pursuance of the conditions of the will, and these executors were fully discharged April 24th, 1891. The answer also set out the statutes of the state of Illinois, providing for the advertising by executors for claims against the estate, their presentation by claimants, and their adjustment by the executors or by the probate court; that the executors fully complied with the law on their part; but that neither this nor any claim of this plaintiff was ever presented to said executors or to said court, or any payment on account thereof ever asked of either. On the 20th day of July 1894, each party moved for judgment against the other on the pleadings. The court gave judgment to defendants, dismissing plaintiff's action, and from this judgment plaintiff appeals.

Plaintiff frankly states that he brings this action under section 3254, Comp. Laws, and upon the theory that it is designed to give a new cause of action against the heir, independently of the remedy given by other statutes against the covenanting grantor or his estate. The section reads as follows: "Lineal and collateral warranties, with all their incidents, are abolished; but the heirs and devisees of any person who has made any covenant or agreement in reference to the title of, in, or to any real property, are answerable upon such covenant or agreement to the extent of the lands descended or devised to them, in the cases and in the manner prescribed by law." We cannot but think that plaintiff has mistaken the purpose and effect of his statute. It first states that lineal and collateral warranties are abolished. It rather recites a fact than makes a change in the law. These warranties, lineal and collateral, were an

incident of the feudal system, and never obtained a substantial
foothold in this country.    They are inconsistent with and inap-
plicable to our system of land tenure, and were even abolished
in England many years ago.    3 Washb. Real Prop. p. 513 et seq.
This section 3254 probably means just the same as similar
though not identical provisions in the statutes of other states.
For a great many years the statute of New York has been that
"lineal and collateral warranties with all their incidents are
abolished; but the heirs and devisees of every person who shall
have made any covenant or agreement, shall be answerable
upon such covenant or agreement, to the extent of the lands
descended or devised to them in the cases and in the manner
prescribed by law."    1 Rev. St. p. 739, § 141.    We understand
it to be the purpose of these and similar provisions in other
states not to create a new cause of action, but simply to declare
a remedy which may be pursued upon a claim, upon the cov-
enant or agreement of the ancestor.    If the heir has succeeded
to real property which, as assets of the estate, should be sub-
ject to claims against the ancestor on account of such broken
covenant or agreement, then the heir so taking such real estate
shall be liable to the extent of its value "in the cases and in the
manner prescribed by law."    See Hill v. Ressegieu, 17 Barb.
168, as to the effect of this provision.

Assuming the facts stated in the complaint to be true,
plaintiff had a claim against Ely from the delivery of the deed
to the time of his death, and a surviving claim against his es-
tate, but he never presented it or took any steps towards its
establishment.    The estate was amply able to pay all claims.
If this had been presented and proved, the conceded facts show
it would have been paid.    The executors were charged with the
payment of claims against the deceased, and they had ample
means therefor, but this claim was never presented.    No op-
portunity was ever given the estate or its representatives to
allow or pay it.    Plaintiff was never a resident of this state,
and there was no administration of the deceased's estate here.

There appears to be no reason why he should not have presented his claim to the principal administration. It will be observed that this section, so relied upon, does not declare a general liability of the heir or devisee, but only that he shall be liable "in the cases and in the manner prescribed by law." We do not think the plaintiff shows a case within the letter or the spirit of the law. The judgment of the circuit court is affirmed.