# C. W. Zimmerman Mfg. Co., *v.* Wilson, *et al.*

*Bill to Enjoin Administrator from Paying to Heirs Proceeds of a Sale, and to Require Heirs to Account for Breach of Contract of Life Tenant.*

(Decided April 3, 1906. 40 So. Rep. 515.)

1. *Life Estates; Acts of Life Tenant; Injury to Remainder; Waste.*
   —The life tenant cannot commit waste or authorize its commission, nor can she, by conveyance, impair the remainder.
2. *Sales; Remedy of Buyer from Life Tenant; Lien on Money Paid.*
   —Neither the purchaser from the life tenant, nor his assignee, has any lien upon the money paid for timber purchased of the life tenant, either in her hands or the hands of the children and heirs, that would authorize him to maintain a bill against the heirs to obtain a personal decree against them for a breach of covenant by the life tenant.
3. *Descent and Distribution; Debts of Intestate; Liability of Hiers.*
   —A claim of damages for breach of covenant of life tenant will not lie against the heirs, but must be presented in due course of administration, and remedy sought against the property of decedent.
4. *Same; Actions; Equity.*—A court of chancery cannot by a species of equitable attachment, or garnishment, seize and hold money coming to the heirs from the father's estate, where the complainant had no claim assertable in equity against the heirs for breach of contract to defend title made by the mother, the life tenant, in the sale of timber, to satisfy a decree that complainant could not obtain.
5. *Estoppel; Covenant of Ancestor; Liability of Heirs.*—The heirs claiming title independent of the life tenant, cannot be estopped by the mere force of the covenant of their ancestor.

APPEAL from Clarke Chancery Court.

Heard before Hon. THOMAS H. SMITH.

This bill was filed by the C. W. Zimmerman Mfg.
Co. v. the heirs of Alston Wilson, seeking to restain
the administrator from paying out to the heirs money
obtained from the sale of the homestead of the widow
and to require the said heirs to account for the breach of
a contract of sale entered into by the widow of Alston
Wilson. The facts may be briefly stated as follows:
Alston Wilson died in Clarke county on March 26, 1887,
leaving certain real estate. His estate was administer-
ed on by the widow, and out of the real estate left by him
dower and homestead was set apart to her in the pro-
bate court in 1888. On Sept. 18, 1887, she sold to the
Park-Smith Lbr. Co., all yellow pine timber on the land
which had been assigned and set apart to her as home-
stead and dower and received therefor $549.00. She
died Nov. 6, 1899, and no administration has been had
on her estate. No timber has been cut from the land.
On Dec. 22, 1900, William H. Wilson, one of the defend-
ants, became administrator *de bonis non* of the estate
of Alston Wilson, and as such sold said land for distribu-
tion, including the homestead and dower land under the
order of the probate court.

LACKLAND & WILSON, for appellant. In the convey-
ance of the timber from the mother of the appellees to
the appellant there is a covenant to defend title against
all persons. Such covenant runs with the land.—
*Claunch v. Allen,* 12 Ala. 159. Covenants which run
with the land pass to the grantee under any conveyance
which is sufficient to transfer title to the land from the
vendor to him.—8 A. & E. Ency. of Law (2nd Ed.) pp.
142-145; 40 Ala. 561. The heir is bound on a covenant
of the ancestor which runs with the land to the extent
of assets received for lands descended from such ances-
tor.—8 A. & E. Ency. of Law (2nd Ed.) 161 et seq.;
*Robbins v. Webb,* 68 Ala. 393. Some of the appellees
being insolvent, appellant has no adequate remedy at
law and an equity court will give him such relief as it

[C. W. Zimmerman Mfg. Co. v. Wilson, *et al.*]

can.—*Walton v. Bonham*, 24 Ala. 513; *Parker v. Parker*, 93 Ala. 80. The equity of the bill rests upon another ground. A person will not be permitted to convert property into money by a sale and if, for any reason, the conveyance should fail to pass title, hold on to the purchase money and take back the property.—*Nelson v. Shelby*, 96 Ala. 515; *Goodman v. Winter*, 64 Ala. 410.

TAYLOR & ELMORE, and WILLIAM D. DUNN, for appellees.—Uncut timber or standing trees are a part of the freehold and pass with it.—*Clifton Iron Co. v. Jemison*, 108 Ala. 581; *Heflin v. Bingham*, 56 Ala. 566; *Riddle v. Brown*, 20 Ala. 412; *Mitchell v. Billingsley*, 17 Ala. 393; The right to cut and remove timber in a certain time is a lease.—13 A. & E. Ency of Law, 1031. The lease of Mrs. Wilson to the Park-Smith Lbr. Co., terminated at her death and the respondents had the right to the immediate possession of the land.—10 A. & E. Ency of Law, 152-153. The widow had no right to impair the value of the realty or to commit waste.—*Alexander v. Fisher*, 7 Ala. 514; 10 A. & E. Ency of Law, 151. The dower and homestead interest of Mrs. Wilson were only for her life and her conveyance could not impair or affect the remainder in any manner.—*Smith v. Cooper*, 59 Ala. 494; *Price v. Price*, 23 Ala. 609; *Jones v. Harkins*, 18 Ala. 489; *Lyde v. Taylor*, 17 Ala. 270.

WEAKLEY, C. J.—The bill as amended asserts against the heirs at law of Susanna Wilson, deceased, a claim for a breach of a contract to defend title, made by her in the sale of the pine timber growing upon the lands which had been set apart to her for dower and homestead, as the widow of her deceased husband, Alston Wilson. The claim is rested principally upon the allegation that some of her heirs, all being made parties defendant to the bill, are insolvent, and that as heirs and distributees of their mother they had received and divided among themselves the money paid for the timber, as well as all her other property. In order to reach, for the satisfaction of the decree sought by complainant,

the proceeds of the sale of the dower and homestead lands, made after the death of the widow, at the instance of the administrator *de bonis non* of the estate of Alston Wilson, the father of the other defendants, such administrator was also made a party defendant, and he was by the preliminary writ enjoined from paying to the defendants, heirs of Alston Wilson, "the purchase money arising from the sale of the lands belonging to the estate of Alston Wilson, deceased, by distributing the said purchase money among said heirs, except in excess of the sum of $700 thereof"; that being the sum deemed sufficient to reimburse complainant for the money paid for said timber and received by defendants, the interest thereon, and costs of suit. Upon motion duly made the chancellor dismissed the bill for want of equity, and from that decree the appeal is taken.

It is conceded—indeed, it is alleged in the bill—that the title of the purchaser at the administrator's sale is paramount and superior to any right of the complainant growing out of the purchase of the growing timber from the dowress and life tenant. Her interest existing only for life, her conveyance could not impair the remainder. —*Smith v. Cooper*, 59 Ala. 494. Nor could she commit or authorize the commission of waste.—*Alexander v. Fisher*, 7 Ala. 514. The administrator *de bonis non*, therefore, had the clear legal right to seek a sale for division among the heirs of Alston Wilson of the lands in question, and such sale carried the standing timber, constituted a portion of the realty. Moreover, the right of his heirs to receive the proceeds of said sale was entirely independent of any right they had to participate in their mother's estate after the payment in due course of administration of all debts and demands against her, and had no relation whatever to any liability for the benefit of her creditors resting upon them in respect of the division among themselves, without administration, of their mother's money and other property. If the covenant of Susanna Wilson was broken during her life, the complainant had a remedy by action at law against her for the breach. If the covenant was broken after her

[C. W. Zimmerman Mfg. Co. v. Wilson, *et al.*]

death, or if a remedy for a previous breach was, after her death, to be sought for the protection of the covenantee or its assignee, the appointment of an administrator was first necessary, and a suit against such administrator would afford the proper remedy. The purchaser of the timber or its assignee had no lien upon the money paid therefor, either in her hands or in the hands of her children, that would authorize a bill in equity against her or the children to obtain a personal decree for the purchase price. When, as in this state, the lands as well as the personal property are liable for a decedent's debts, a claim for damages for a breach of the decedent's contract will not lie against the heirs in the first instance. The claim for damages should be presented in due course of administration, and be asserted against the personal representative.—8 Am. & Eng. Ency. Law, p. 162; *Russ v. Alpaugh*, 118 Mass. 378, 19 Am. Rep. 464. It may be complainant might maintain an action for money had and received against the mother's heirs, who received the money; but this, if true would not give the bill equity.

Presenting, therefore, no claim which could be asserted in equity against the heirs of Susanna Wilson in the manner attempted by this bill, the bill must fail for want of any substantial support. Obviously, therefore, the court of chancery could not, by a species of equitable attachment or garnishment or by an injunction against distribution, seize and hold in *gremio legis* the moneys of the defendants, coming to them as heirs of their father, to satisfy a decree which the complainant could never obtain. Furthermore, "an estoppel on the part of the mother shall not bind the heir when he claimeth from the father." Coke, Litt. 365b. An heir claiming an independent title in himself is not estopped to assert it by the mere force of covenants of his ancestor.—*Russ v. Alpaugh*, 118 Mass. 369, 19 Am. Rep. 464.

The principle of law invoked by appellant, that one should not be permitted to convert property into money by a sale, and, the conveyance failing to pass title, hold on to the purchase money and at the same time take back

the property, has no application under the facts averred and does not serve to impart equity to the bill. The chancellor committed no ·error in dismissing the bill. Its dismissal operated to dissolve the injunction, and, the injunction having been reinstated by a supersedeas bond, its dissolution will be accomplished by the affirmance which must be here entered.

Affirmed.

TYSON, SIMPSON, and ANDERSON, JJ., concur.