[Civ. No. 6319.  Second Appellate District, Division Two.—March 8, 1929.]

THE WILLIAMS COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Fredericks, Hanna & Morton for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

CRAIG, J.—On or about February 13, 1928, the petitioner herein filed in the Superior Court of Los Angeles County an action for the principal sum of $925, alleged to have been theretofore earned in the city of Los Angeles as a commission upon the sale of real property, and due to the plaintiff, as assignee, from H. E. Van Till, defendant therein. Answer was filed and the case brought to trial on September 24, 1928. The defendant objected to the introduction of any evidence upon the ground that the municipal court had exclusive original jurisdiction thereof since the cause of action arose within the boundaries of said city. The court sustained this objection and indicated its intention to dismiss the action. Thereupon the plaintiff instituted this proceeding, asserting that the jurisdiction of municipal courts is concurrent with that of the Superior Court in actions at law wherein the demand, exclusive of interest, is more than $300. The respondent herein demurred to the plaintiff's petition upon the sole ground that it does not state facts sufficient to entitle the latter to the relief prayed.

■ Prohibition arrests proceedings of any tribunal exercising judicial functions, when such proceedings are without the jurisdiction thereof. (Code Civ. Proc., sec. 1102.) ■ We think the action here in controversy is clearly without the jurisdiction of the Superior Court. In 1924 section 5 of article VI of the constitution, and also section 11 of the same article, were amended. These amendments clearly were made for the purpose of establishing the jurisdiction of municipal courts. It seems evident that the amendment to section 5 was for the express purpose of removing any inharmony that might have existed between that section as it formerly read and the new provisions of section 11. As amended, the applicable portion of section 5 reads: "The superior courts shall have original jurisdiction in all cases in equity and in all cases at law, which involve the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine, and in all other cases, except as hereinafter provided, in which the demand, exclusive of interest, or the value of the property in controversy, amounts to three hundred dollars, and in all criminal cases amounting to a felony, and in all cases of misdemeanor not otherwise provided for; of actions for forcible or unlawful entry or detainer, except as otherwise provided in this article; of proceedings in insolvency; of actions to prevent or abate a nuisance; of all matters of probate; of divorce and for annulment of marriage; and of all such special cases and proceedings as are not otherwise provided for; and said courts shall have the power of naturalization, and to issue papers therefor."

Section 11 provides: "In any city and county and in any city which is governed under a charter framed and adopted under the authority of this constitution containing a population of more than forty thousand inhabitants, as ascertained by the last preceding census taken under the authority of the congress of the United States, a municipal court may be established as in this article provided, anything in this constitution to the contrary notwithstanding. For each such municipal court at least one judge shall be elected by the qualified electors of the city or city and county at the general municipal election, and such additional judges as shall be determined by the legislature. In any city, or city and county, in which there shall be more than one judge of a municipal court, the judges of such court may hold as

many sessions of such court at the same time as there are judges thereof, and the business thereof shall be apportioned among the judges thereof in the manner prescribed by law. Municipal courts shall have original jurisdiction, except as hereinafter provided, in all cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to one thousand dollars or less, and of actions of forcible or unlawful entry or detainer where the rental value is one hundred dollars or less per month, and where the whole amount of damages claimed is one thousand dollars or less, and in cases to enforce and foreclose liens on personal property where the amount of such liens or the value of the property is one thousand dollars or less, and in all criminal cases amounting to misdemeanor or punishable by fine and imprisonment in the city or city and county or county jail, or punishable by fine or such imprisonment. . . .

"The legislature shall provide by general law for the constitution, regulation, government and procedure of municipal courts, and for the jurisdiction thereof except in the particulars otherwise specified in this section, and for the establishment of municipal courts in cities and cities and counties governed under charters framed and adopted under the authority of this constitution, and having the population hereinabove in this section specified. . . . ''

It seems to us too plain for argument or taking time and space to consider the attempted distinction between such phrases as "except as hereinafter provided," "in all other cases," "otherwise provided in this article," and "not otherwise provided for," that these two sections as amended are to be read together, and that by the use of "except as hereinafter provided," reference was made to any provisions which might appear after the language just quoted having to do with the subject dealt with, whether in section 5 or section 11, or, for that matter, any other section of article VI. This being so, we think it clear that the jurisdiction over the subject matter of the instant case exists only in the municipal court.

The demurrer to the petition for writ of prohibition is sustained.

Works, P. J., and Stephens, J., *pro tem.*, concurred.