[Civ. No. 9109. First Appellate District, Division One.—December 17, 1934.]

J. H. LESSER, Appellant, v. ETTA BRAY POMIN et al., as Executors, etc., Respondents.

[Civ. No. 9111. First Appellate District, Division One.—December 17, 1934.]

J. H. LESSER, Appellant, v. ETTA BRAY POMIN et al., as Executors, etc., Respondents.

Silverstein & Silverstein for Appellant.

Edw. R. Solinsky for Respondents.

THE COURT.—The plaintiff on February 17, 1927, leased to William C. Pomin a storeroom in Oakland for the term commencing April 1, 1927, and ending September 30, 1933, at the monthly rental of $850 payable on the first day of each month during the term. The lessee sublet a portion of the premises to J. Sevilla for the same period. On April 23, 1931, Pomin died testate, and the premises except the portion sublet were until November 28, 1931, occupied by the defendants, who were the special administrators of decedent's estate and are now the executors of his last will and testament. On the last-mentioned date they removed the property of the estate from the premises, discontinued the business theretofore conducted therein and refused to accept further rent from the sublessee. The latter, however, continued in possession, and each month deposited in a bank to the credit of the defendant Pomin the rent payable under the sublease. The appraised value of decedent's estate was about $98,000. Defendants listed in the inventory as part of the estate the lease and sublease mentioned, together with a promissory note for $750, executed by the sublessee to secure the rent payable under the sublease. These items were also listed in the petition for distribution as assets of the estate.

A decree was made by which all the property of the estate with the exception of minor bequests was distributed to defendant Pomin, who was the widow of decedent and his sole heir at law. The decree further provided that the executors retain from the cash on hand the sum of $16,469 with which to pay any judgments arising from contingent liabilities due to the conduct by the executors of the business of the decedent and on account of the lease in question and other leases entered into by him.

The lease here involved contained the following provision: "This lease shall be binding upon the heirs, executors, administrators, successors and assigns of the respective parties hereto. . . . " The lessor brought two actions against the executors as such and as individuals, one to recover the rent unpaid under the lease to March 30, 1932, amounting to $4,250, with attorneys' fees in the sum of $750; the other for a judgment declaring the rights and duties of the parties under the original lease and the sublease. A demurrer to the complaint in the first suit was sustained without leave to amend. In the second defendants answered, and later moved for a dismissal on the ground that the complaint failed to state a cause of action and that the judgment in the action for rent determined all questions under the lease.

■ It is admitted that no claim was filed with the executor against the estate of decedent; and while it is not alleged that notice to creditors was given, such was the duty of the executor (Probate Code, sec. 700); and it will be presumed, in the absence of an allegation to the contrary, that this duty was performed. (Code Civ. Proc., sec. 1963, subd. 15; *Gray* v. *Farmers' Exchange Bank,* 105 Cal. 60 [38 Pac. 519]; 11B Cal. Jur., Executors and Administrators, sec. 827.) That it was necessary, in order to recover from the estate, that the claim for future payments be filed is clear from the following decisions: *Shepperd* v. *Tyler,* 92 Cal. 552 [28 Pac. 601]; *Verdier* v. *Roach,* 96 Cal. 467 [31 Pac. 554]; *Maddock* v. *Russell,* 109 Cal. 417 [42 Pac. 139]; *Tropico L. & I. Co.* v. *Lambourn,* 170 Cal. 33 [148 Pac. 206]; *Miller* v. *Miller,* 171 Cal. 269 [152 Pac. 728]; *Newman* v. *Burwell,* 216 Cal. 608 [15 Pac. (2d) 511]; *Southern Pac. Co.* v. *Swanson,* 73 Cal. App. 229 [238 Pac. 736]).

■ It is the lessor's contention, however, that in view of the quoted provisions of the lease the filing of a claim was unnecessary as defendants retained possession of the premises through the subtenant; further, that the executors as such are specifically bound by the above provision, and that defendant Pomin, being the heir at law of decedent and the distributee of his estate, is likewise personally obligated to pay the rent.

It has been decided that a covenant in a lease for the payment of rent runs with the property as an incident

thereof (7 Cal. Jur., Covenants, sec. 17, p. 730; *Salisbury* v. *Shirley,* 66 Cal. 223 [5 Pac. 104]; *Bonetti* v. *Treat,* 91 Cal. 223 [27 Pac. 612, 14 L. R. A. 151]; *Baker* v. *Maier etc. Brewery,* 140 Cal. 530 [74 Pac. 22]; *Lopizich* v. *Salter,* 45 Cal. App. 446 [187 Pac. 1075]); but, as held in *Treff* v. *Gulko,* 214 Cal. 591 [7 Pac. (2d) 697], where there is no covenant on the part of the assignee to pay the rent he does not by the mere acceptance of the assignment impliedly agree to do so, and is liable therefor only so long as he remains in possession of the premises; and the same rule has been held to apply to the occupancy by the widow. (*Shepperd* v. *Tyler, supra; Bush* v. *Bastian,* 112 Cal. App. 644 [297 Pac. 976].)

At common law if a covenantor covenanted for himself, his executors and administrators his personal assets were pledged for the performance of the covenant. (Blackstone's Commentaries, Cooley, vol. 1, book 2, p. 677.) To have this effect it was not necessary that the executor or administrator be named (Rawle, Covenants for Title, 5th ed., sec. 312) as the personal property received by the executor or administrator was liable for all debts (Woerner, American Law of Administration, sec. 574). The English rule in such cases is found in Williams on Executors, twelfth edition, volume 2, page 1150 et seq. There the executor can be sued in his representative capacity for rent accrued during the lifetime of the testator, and a judgment entered *de bonis testatoris.* As to rent accruing after the death of the testator, if the executor has not entered upon the demised premises he is not personally responsible, but he is nevertheless liable as executor, for he cannot waive the term so as not to be liable for the rent to the extent of the assets. If he enters upon the demised premises the lessor has an election either to sue him in his representative capacity or personally as assignee of the term. In the latter event he is liable for the actual value of the premises during the time he holds the same as an assign. (See, also, Addison on Contracts, sec. 448, p. 633.)

In other jurisdictions it has been stated as the rule that the landlord may collect the rents accruing after the death of his tenant from the latter's estate, or from the executor or administrator to the extent of the rents and profits of the premises received by him, and the balance,

if any, from the estate. (24 Cor. Jur., Executors and Administrators, sec. 624, p. 147; *Miller* v. *Knox*, 48 N. Y. 232; *Fessenden* v. *Gunsenhiser*, 278 Mass. 213 [179 N. E. 603].)

█ It is the rule in this state that although the executor or administrator may become personally liable as assignee for the rent accruing during his occupancy, no action can be maintained against him in his representative capacity except upon a proper claim, duly presented, for rent under the original lease, as under his general powers he can make no contract which will bind the estate or authorize a judgment *de bonis decendentis.* (*Smiley* v. *Van Winkle,* 6 Cal. 605; *Sterrett* v. *Barker,* 119 Cal. 495 [51 Pac. 695]; *Southern Pacific Co.* v. *Swanson, supra; Dugand* v. *Magnus,* 107 Cal. App. 243 [290 Pac. 309]. See, also, *Estate of Hincheon,* 159 Cal. 755 [116 Pac. 47, 36 L. R. A. (N. S.) 303].)

█ Under some circumstances a subtenant may be compelled in equity to make payments to the original lessor (*City Investment Co.* v. *Pringle,* 69 Cal. App. 416 [231 Pac. 355]; *Young* v. *Wyatt,* 130 Ark. 371 [197 S. W. 575]); but there being no privity of estate or contract between them no action at law can be maintained by the original lessor against a subtenant upon the original lessee's covenant to pay rent unless the subtenant has assumed the lease (35 Cor. Jur., Landlord and Tenant, sec. 111, p. 1002; 36 Cor. Jur., Landlord and Tenant, sec. 1244, p. 379; 16 R. C. L., Landlord and Tenant, sec. 384, p. 875); and although for certain purposes the possession of the subtenant is that of a lessee, according to the cases above cited an executor or administrator is only chargeable in respect of the rents and profits received. It was also the rule that an obligation to be performed by the covenantor and his heirs bound the latter provided they had assets of decedent (Cooley, Blackstone's Commentaries, book 2, p. 677; 15 Cor. Jur., Covenants, sec. 56, p. 1243; *McDonald* v. *McElroy,* 60 Cal. 484; *Maynard* v. *Polhemus,* 74 Cal. 141 [15 Pac. 451]); and this liability was later extended in certain cases to devisees. (15 Cor. Jur., Covenants, sec. 90, p. 1263; Rawle, Covenants for Title, 5th ed., sec. 311.) █ But whatever the liability of heirs at common law upon covenants by the ancestor it is now the general rule, to which there are but few exceptions, that where the lands as well as the personal property of a decedent are liable for debts a claim for

breach of his covenants must be presented in the course of administration, and no action thereon will lie against an heir, devisee, legatee or next of kin on a claim or demand which might have been recovered from the estate. (Woerner, American Law of Administration, sec. 577; 8 Am. & Eng. Ency. of Law, 2d ed., p. 162; 8 Cor. Jur., Descent and Distribution, sec. 308, p. 953; 11B Cal. Jur., Executors and Administrators, sec. 1168, p. 636; *Estate of Crosby,* 55 Cal. 574, 583; *Woods* v. *Ely,* 7 S. D. 471 [64 N. W. 531]; *Royce* v. *Burrell,* 12 Mass. 395; *Zimmerman* v. *Wilson,* 147 Ala. 275 [40 So. 515]; *Gilchrist* v. *Filyan,* 2 Fla. 94; *Barnard* v. *Cox,* 25 Ind. 251; *Fowler* v. *True,* 76 Me. 43; *Hutchinson* v. *Stiles,* 3 N. H. 404; *Pearce* v. *Calhoun,* 59 Mo. 271, 274; *Collamore* v. *Wilder,* 19 Kan. 67, 80.)

■ In the present case it appears that the executors kept possession of the premises and received rent from the subtenant for a time, but have since paid nothing to the lessor and accepted nothing from the subtenant. Whatever duties the executors owed the subtenant are matters of no concern to the plaintiff as there is no privity between him and the subtenant, and the executors are not personally liable to him for anything in excess of the rents and profits received. ■ He has lost all recourse against the estate, the heirs and devisee, and has been paid all rent which became due under the lease to October 31, 1931. The executors, as stated, held possession during the month of November, 1931, and received rent from the subtenant for that month. For that month's rent so far as appears they are liable, but the trial court was without jurisdiction of this claim, the total amount which, under the facts alleged, the plaintiff could recover being less than $2,000. (*Williams Co.* v. *Superior Court,* 97 Cal. App. 422 [275 Pac. 838]; *Architectural Tile Co.* v. *Superior Court,* 108 Cal. App. 369 [291 Pac. 586].) ■ Notwithstanding the prayer, a complaint may be examined to ascertain the jurisdictional amount (*Consolidated etc. Co.* v. *Superior Court,* 189 Cal. 92 [207 Pac. 552]; *Hammell* v. *Superior Court,* 217 Cal. 5 [17 Pac. (2d) 101]), which here is shown to be an amount within the exclusive jurisdiction of the municipal court.

■ There is no merit in the claim that decedent's estate being community property, and the same having been distributed to his widow, who was one of the defendants, she

is consequently liable for the rent. Mrs. Pomin was not a party to the lease, and the obligation to pay the rent was that of her husband alone. Although community property is subject to payment of the husband's obligations, in order that it may be so applied following his death creditors' claims with certain exceptions must be filed and allowed as claims against the husband's estate. *Cutting* v. *Bryan,* 206 Cal. 254 [274 Pac. 326], cited by plaintiff, contains nothing to the contrary, and section 161a of the Civil Code did not change the rule.

What has been said disposes of all questions involved in the action for declaratory relief. That this was the necessary effect of the suit for rent was the ground for its dismissal, and any error which might be urged in that connection was not in the circumstances prejudicial.

The judgments appealed from are affirmed.