[Civ. No. 18612. First Dist., Div. Two. Sept. 15, 1959.]

Estate of VERE CHASE MORRIS, Deceased. HELEN H. BRIDGE et al., Appellants, v. WELLS FARGO BANK (a Corporation) et al., Respondents.

Melbert B. Adams and K. Bruce Friedman for Appellants.

Allan H. Fish for Respondents.

DRAPER, J.—V. C. Morris died August 4, 1957. He was the lessee of premises in which he conducted a retail business. The lease was for a term to expire September 30, 1958, and contained an option to lessee to renew for 10 years, this option to be exercised on or before September 1, 1958. Notice to creditors was first published August 27, 1957. On August 29, 1958, after expiration of the time to file claims, respondent executors gave written notice of their exercise of the option to renew. Both executors joined in this notice, and one of them, Lillian Morris, the widow of decedent, specifically acted also "as sole beneficiary under" decedent's will.

By petition filed September 11, 1958, respondent executors sought preliminary distribution of decedent's retail business to the widow, and confirmation of the act of the executors in exercising the renewal option. Appellant lessors, although they had presented no claim, filed written opposition to this petition. They allege that $119,530.80 would become due in rentals over the full renewal term, and that an estimated $10,000 additional would be required to restore the premises to their original condition at expiration of the term, as the lease required lessee to do. They objected to the proposed preliminary distribution on the ground that it would leave too little in the estate to pay the total of these amounts; objected to confirmation of the renewal unless the full amount to fall due in rentals and restoration charges were withheld as security; and affirmatively asked that the sum of $129,-

530.80 be paid into court under Probate Code, section 953. After hearing, the probate court found the allegations of the executors' petition to be true, struck appellants' opposition and petition for affirmative relief on the ground that appellants, having filed no claim, were not persons interested in the estate, and on the ground that the filing of a creditor's claim is a condition precedent to relief under section 953. The lessors appeal.

The argument of the parties is devoted to the question whether the obligation to pay rent for the extended period is a "claim" which is barred (Prob. Code, § 707) by failure to present it within six months after first publication of notice to creditors. Appellants argue that a liability arising after death is not subject to the claim statute (Prob. Code, § 700; *Miller & Lux, Inc.* v. *Katz,* 10 Cal.App. 576 [102 P. 946]), and that, since the renewal of this lease was after the testator's death, no claim is required. Respondents contend that the lease obligation was incurred by Morris in his lifetime, and that the exercise of the renewal option was thus a contingency requiring filing of a claim to avoid barring of the demand (Prob. Code, § 705; *Verdier* v. *Roach,* 96 Cal. 467 [31 P. 554]).

We have concluded, however, that the determinative question is not whether appellants' claim is "barred forever" by Probate Code, section 707. Here the sole basis for the affirmative relief sought by appellants, as well as for their objection to preliminary distribution and to confirmation of the extension, is their claimed right to sequestration under section 953. If filing of a claim is a condition precedent to operation of that section, it is immaterial whether the claim statute bars recovery upon appellants' demands.

Section 953 by its terms applies where "there is any claim not due, or any contingent or disputed claim." Although this language is followed by the words "against the estate," we cannot accept the suggestion that this language is used to denominate demands which are not of the type for which claims may be filed. Throughout the Probate Code, we find no use of the word "claim" to denote a charge other than one which must be presented. Where it is necessary to distinguish debts which are the subject of claim from other demands, the Legislature has referred to "the expenses of administration and the charges against the estate" (Prob. Code, § 950). It seems clear that section 953 refers to "claims" in the sense in which that term is used in the sections providing for presentation and filing of claims (Prob.

Code, §§ 700-719). While there is no decision holding that section 953 applies only to claims presented and filed, we think it significant that all the cases granting sequestration under that section are cases in which the claim to be secured by such sequestration was in fact presented and filed. (See *Guardianship of Cornaz*, 8 Cal.2d 347 [65 P.2d 784] ; *Newman* v. *Burwell*, 216 Cal. 608 [15 P.2d 511] ; *Dabney* v. *Dabney*, 9 Cal.App.2d 665 [51 P.2d 108] ; *Sime* v. *Hunter*, 50 Cal.App. 629 [195 P. 935].) It has been pointed out that statutes of this type "deal in terms of claims" (4 Bancroft's Probate Practice [2d ed.] 232; see also *Dabney* v. *Dabney*, 54 Cal.App. 2d 695, 699-700 [129 P.2d 470]).

We conclude that the right of sequestration granted by section 953 applies only where there is presented and filed a claim which is not due, is contingent, or is disputed. In the absence of such a claim, there is no basis for operation of this code section. It follows that appellants, who have filed no claim, are not entitled to the affirmative relief they seek under section 953. Similarly, their objections to distribution and to affirmance of the lease extension must fail, since they also are based solely on the assertion that security should be afforded under section 953. It may be noted that this determination works no inequity. The lessors have neither more nor less security than they bargained for in their lease. That lease clearly contemplates that it shall remain in force despite the death of lessee, for it provides that it "shall be binding upon the heirs, executors, administrators and assigns of all of the parties hereto."

The estate, of course, must pay rentals as they fall due, so long as the personal representatives continue in occupancy. (*Lesser* v. *Pomin*, 3 Cal.App.2d 117 [39 P.2d 451].) But there was nothing due at the time of the order from which this appeal is taken. Since timely presentation of a claim is a condition precedent to sequestration to secure rentals to accrue later, there was no basis for appellants' objection to the orders sought and granted. Since nothing was due from the estate to appellants, and they had no right to security for amounts not yet due, they were not persons interested in the estate.

Decree affirmed.

Kaufman, P. J. and Dooling, J., concurred.