A. H. GLASNER, Appellant, v. FRED FREDERICKS, Defendant; WABASH RAILWAY COMPANY, Garnishee; M. E. VOSBERG, Interpleader, Respondent.

Kansas City Court of Appeals, January 24, 1898.

1. **Attachment:** GARNISHMENT: DEBTOR AND CREDITOR: SUBROGATION. A creditor by attachment may occupy the position of the defendant and by garnishment proceedings may reach the debt owing from the garnishee to the defendant.

2. **Landlord and Tenant:** SUBTENANT OF UNDERTENANT: PRIVITY: ACTION. At common law the lessor can not maintain an action against the subtenant of an undertenant of his lessee on the covenants of the lease nor recover rent of him in any form of action, nor does section 6388, Revised Statutes 1889, modify said rule of the common law.

3. **Equity:** LANDLORD AND TENANT: INSOLVENCY OF TENANT. Where the original lessee is insolvent the sublessee may by bill in equity be made to account for rent to the original lessor where all the parties are properly before the court.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED AND REMANDED.

*Hamner & Hamner* for appellant.

(1) "An interplea is in the nature of a replevin, ingrafted by statute on the proceeding in attachment; certainly then it will not lie where the action of replevin will not. The very object .of the action in replevin is the recovery of specific personal property in kind. It partakes in this respect of the nature of a proceeding *in rem.*" *Spooner v. Ross*, 24 Mo. App. 603; *Bergert v. Borchert*, 59 Mo. 85; Wells on Replevin, secs. 33, 34, 39, 46, 94 and 98; *Williams v. Braden*, 63 Mo. App. 516. (2) This cause was decided by the circuit court on the construction of section 6388, Revised Statutes 1889, which section said court held to mean that a landlord in a city could sue any subtenant direct, and make the subtenant pay the landlord his rent for all the time he was in the landlord's building, whether the subtenant had paid the tenant or not. Now this section has been passed upon in the following cases only, to wit: *Garroutte v. White*, 92 Mo. 237; *Hicks v. Martin*, 25 Mo. App. 359; *Hulett v. Stockwell*, 27 Mo. App. 335; *Williams v. Braden*, 63 Mo. App. 516; *Phillips v. Burrows*, 64 Mo. App. 355.

And in every one of them it was about the rent of farm lands and the right to enforce payment out of the crops of the subtenant, where there was a lien. Said section does not say that a subtenant, between whom and the landlord there is no privity of contract, shall be personally liable to the landlord, and the only authority on earth that does say so is in *Hicks v. Martin*, 25 Mo. App. 367, and that is an *obiter dictum*, and is not binding on this court. *R. R. v. R. R.*, 135 Mo. 186.

*A. M. Allen* for respondent.

(1) Interpleader claims that he is entitled to the rent and that his claim constitutes a first lien on the rent, and that by virtue of sections 6384, 6388, and 6389, Revised Statutes of Missouri 1889, he is entitled to the same remedies against the railroad company that they had against Peck; it is admitted that Peck was insolvent and that Fredericks became insolvent in April, 1895, and it is also admitted that respondent has no other means of getting his rent, unless he gets it in this proceeding. The relation of landlord and tenant existed between respondent and the Wabash railroad company. *Windom v. Hopkins*, 26 S. W. Rep. 483; *Rodgers v. Griggs*, 29 S. W. Rep. 654; *Hicks v. Martin*, 25 Mo. App. 367; *Garrouette v. White*, 92 Mo. 237; McComb and Howdon's Appeal, 43 Pa. St. 435.

GILL, J.—This is a controversy as to the ownership of a debt or sum of money which it is conceded the Wabash Railway Company owes for the rent of part of a building in Kansas City, Missouri. STATEMENT. Mrs. Vosburg, the interpleader, owns the property and while so owning she leased the same to one Peck for a term of three years. Peck sublet the

premises to defendant Fredericks, who in turn rented a portion thereof to the Wabash Railway Company for $100 a month. While matters were in this situation, Fredericks became indebted to plaintiff Glasner; the latter sued the former by attachment and garnished the Wabash company, thereby seeking to reach whatever rent the railway company owed Fredericks. The Wabash company answered the garnishment, admitting that it owed a certain sum for rent, but set up that the amount was claimed by Mrs. Vosburg. Thereupon Mrs. Vosburg came into court and filed an interplea and therein claimed whatever rent was owing by the Wabash company.

The issues between the interpleader and plaintiff were tried by the court on an agreed statement of facts (the substance of which is above stated), resulting in a judgment for interpleader and plaintiff appealed.

Notwithstanding the apparent justice of the interpleader's claim to the rent owing by the Wabash Railway Company, we know of no rule of law that will sustain it. Mrs. Vosburg comes into this case and in effect claims that the Wabash company is *her debtor*, that it owes her and not Fredericks, for the rent of the building. This is the only theory upon which her claim can proceed. Plaintiff Glasner by reason of his attachment against Fredericks, occupies the position of the latter; he has become subrogated to the rights of Fredericks, and by virtue of the attachment and garnishment proceedings the plaintiff may reach the debt owing by the garnishee to the defendant and subject it to the payment of his own claim.

ATTACHMENT: garnishment: debtor and creditor: subrogation.

Mrs. Vosburg, the interpleader, could not sue the garnishee railway company on the covenants of her lessee to pay rent for the property. The Wabash

company was not her lessee, but was a subtenant of an undertenant of her lessee.    Between said lessor then and this undertenant it is clear there was no privity of contract or of estate; and by the common law the lessor could not maintain an action against the tenant of his lessee on the covenant of the original lessee to pay rent, "nor recover rent of him in any form of action."  1 Wash. on Real Prop. [5 Ed.], 546; 2 Taylor, L. & T., sec. 448.   The liability of an assignee of the lease and a mere subtenant is different. In the former case the assignee is personally bound to the lessor for all breaches of the covenants while he remains in possession of the property, while in the latter there is no such responsibility.   2 Taylor, L. & T., sec. 449.

*LANDLORD and tenant: subtenant of undertenant: privity: action.*

But the contention of interpleader's counsel seems to be that our statute has modified the common law, and that under section 6388 of the landlord and tenant statute the subtenant is made liable to a direct action for the rent by the lessor.   That section reads: "Rent may be recovered from the lessee or person owing it, or his assignee or undertenant, or the representative of either, by the same remedies given in the preceding sections; but no assignee or undertenant shall be liable for rent which became due before his interest began."

In *Hicks v. Martin*, 25 Mo. App. 359, this court, through Judge Philips, construed the foregoing section as wiping out the common law distinction between an assignee and a mere subtenant of the lessee, and in effect held that under our statute both were alike personally liable to the lessor on the covenants to pay rent entered into by the original lessee.   But our supreme court in a late case has held otherwise.   In *R'y v. R'y*, 135 Mo. 173, it was, in effect, decided that the

above quoted statute modified the common law rule only to the extent of enlarging the lien to all crops grown on the leased premises and extending the right of the original lessor to attach the same and other personal property thereon whether the same belong to the undertenant or original lessee; but that said statute did not give the landlord any right to maintain a personal action against the sublessee on the covenant to pay rent contained in the original lease. See opinion at pages 185 to 189. In view then of this decision, by which we are bound, we must hold that the interpleader in the case at bar can not bring and maintain a direct action at law against the undertenant, the Wabash Railroad Company, and that therefore she can not be said to own the rental debt in question.

Counsel for interpleader calls attention to the fact admitted in the agreed statement that at the time and before this suit was brought Peck, the original lessee, died insolvent, and that Fredericks, the first sublessee, is also in like financial condition, and that therefore Mrs. Vosburg, the original lessor, ought in good conscience be allowed to reach this debt owing by the Wabash company for the use of said interpleader's property.

EQUITY: landlord and tenant: insolvency of tenant.

Conceding the right and justice to this proposition, it can not be worked out through this particular action. We have here an action or proceeding at law and not a suit in equity. Judge STORY, in his valuable work on equity jurisprudence, has suggested a remedy for this class of cases. He says: "It is well known that, although a derivative lessee or undertenant is liable to be distrained for rent during his possession, yet he is not liable to be sued for rent on the covenants of the lease, there being no privity of contract between him and the lessor. But suppose the case to be that the original lessee is insolvent and un-

able to pay the rent, the question would then arise whether the underlessee should be permitted to enjoy the profits and possession of the estate without accounting for the rent to the original lessor. Undoubtedly *there would be no remedy at law*. But it is understood that in such a case courts of equity would relieve the lessor, and would direct a payment of the rent to the lessor upon a bill making the original lessee and the undertenant parties." 1 Story, Eq. [12 Ed.], sec. 687.

For the reasons heretofore stated, then, we feel bound to decide that, under the agreed statement of facts, the judgment below should have been for the plaintiff instead of for the interpleader. The judgment will therefore be reversed and cause remanded. All concur.