## In re J. FRANK STANTON CO.

(District Court, D. Connecticut. June 19, 1908.)

### No. 1,579.

BANKRUPTCY—LIABILITY OF TRUSTEE FOR RENT—ASSUMPTION OF LEASE.

Where a bankrupt at the time of his bankruptcy was lessee of a large storeroom, half of which he had partitioned off and sublet, and the trustee took possession only of the part occupied by him, which he used while closing out the business, refusing to pay rent for the other half he cannot be held to have assumed the lease, and is liable only for the fair rental value of the part which he occupied.

In Bankruptcy.

Beers & Foster, for petitioning creditor.
Robert H. Gould, for trustee.

PLATT, District Judge. When the trustee came in, he found that the bankrupt had originally leased a large store on Broad street, Bridgeport, for $120 per month, with the privilege of subletting. He had then divided the large store by a partition into two stores, each with entrances and exits upon the street, and had retained one for his own business and found a tenant for the other. The trustee did not need and did not take possession of the subtenant's store. He used the other one for a short time, while closing out the bankrupt stock.

The referee finds as facts that the landlord made no demand for either store, that the trustee has occupied the south store alone, and that he has not assumed the lease. The action of the trustee, in taking possession of the south store alone and refusing to pay rent for both stores, put the landlord where it was his duty to collect the rent for the north store from the party in possession. He could not force the trustee into the bankrupt's shoes against the trustee's will. The referee decided that the trustee should pay as a part of the expense of administration what would be a fair return for the use of the store which he occupied.

This was right, and his decision is affirmed.