YOUNG, ADMINISTRATOR, v. WYATT.

Opinion delivered September 24, 1917.

1. LIENS—LANDLORD'S LIEN—RENTS IN HANDS OF UNDER-TENANT.—An equitable lien exists in favor of the landlord, or original lessor, on the rent money in the hands of an under-tenant in case the lessee becomes insolvent.

2. APPEAL AND ERROR—FINDINGS OF CHANCELLOR.—It is not necessary for a chancellor to set out all his findings of fact in a decree; it will be presumed that the chancellor found facts sufficient to support the decree if the pleadings and proof warranted him in so doing.

Appeal from Sebastian Chancery Court, Fort Smith District; *W. A. Falconer,* Chancellor; affirmed.

*John H. Vaughn,* for appellant.

1. The court erred in making appellee a preferred creditor. There was no finding that the estate of D. J. Young was insolvent.

*Warner & Warner,* for appellee.

1. The general finding for plaintiff included the special finding that the estate was insolvent. 53 Ark. 537; 65 *Id.* 14. The undisputed evidence was that the estate was insolvent and it must be assumed that the court did not disregard this undisputed evidence. 102 Ark. 72.

2. Where the evidence supports the decree this court will not reverse. 72 Ark. 67; 95 *Id.* 482.

3. Where a lessee is insolvent, the rents accruing on a sublease are not subject to distribution among creditors until the claim of the original landlord for rent is extinguished. 1 Story, Eq. Jur., § 687; 2 Taylor, Landl. & Ten., § 659; 24 Cyc. 1176; 114 N. Y. 13; 15 Abb. Pr. (N. Y.) 388; 86 Tex. 647; 26 S. W. 481; 18 A. & E. Enc. Law, 430; 1 Vern. 27; 24 Cyc. 1176; 93 S. W. 342; 16 R. C. L. 880; 25 Cyc. 666; 73 Mo. App. 424.

HUMPHREYS, J. This suit was instituted in the chancery court for the Western District of Sebastian County by appellee against appellant, Win Harper and Eugene Bates, to enforce an alleged equitable lien on certain rent money due appellant by Win Harper and Eugene Bates upon judgments procured in the Sebastian Circuit Court for the Western District thereof.

Appellant denied the existence of an equitable lien upon said rent moneys in favor of appellee.

The cause was heard upon the pleadings and an agreed statement of facts, from which the chancellor found and decreed that appellee was entitled to recover from appellant the sum of $1,876.97, together with interest thereon from the 26th day of June, 1915, at the rate of 10 per cent. per annum until paid, and decreed same as a first preferred charge and lien upon the sum of $1,148.60 due upon judgment from Win Harper to appellant, and $750 with interest due upon judgment from Eugene Bates to appellant.

To question the correctness of this decree, an appeal has been prosecuted to this court. The agreed statement of facts disclosed:

"That D. J. Young leased buildings numbered 121 and 123 on Garrison Avenue, in the city of Fort Smith, from R. B. Wyatt, appellee herein, and sublet one of the buildings to Win Harper and the other to Eugene Bates. D. J. Young defaulted in the payment of rent for the months of September, October, November and December, 1914, and, during those months, both Harper and Bates failed to pay the rents thereon to D. J. Young. In February, 1915, R. B. Wyatt brought suit for the rents in the circuit court for the Western District of Sebastian County against D. J. Young, and later recovered judgment for $1,876.97 against J. Ross Young, administrator of the estate of D. J. Young, deceased, in whose name the suit had been revived upon the death of D. J. Young. At the same time, D. J. Young brought suits for the rents in the circuit court for the Western District of Sebastian County against Win Harper and Eugene Bates, and, later, J. Ross Young, administrator of the estate of D. J. Young, deceased, in whose name the suits had been revived upon the death of D. J. Young, recovered a judgment from Win Harper for $1,148.60 and against Eugene Bates for $750.

"That Angie E. Young, widow of D. J. Young, deceased, does not claim or assert a dower right in and to the judgments recovered by J. Ross Young, administrator, against Win Harper and Eugene Bates.

"That the real estate and personal property, comprising the estate of D. J. Young, is not sufficient to pay the claims allowed against the estate.

"That the facts and circumstances were substantially and to all intents and purposes the same as if the said D. J. Young, at the time of renting said building, was acting as agent of the said Harper and Bates in renting the same, notwithstanding the transaction was put in the form of an original lease to the said D. J. Young and subleased to the said Harper and Bates."

(1) It is contended by appellant that the only remedy open to the appellee, after obtaining judgment in the circuit court for the rents against the estate of D. J. Young, deceased, was to file a claim in the fourth class

against the estate of D. J. Young; and that the chancellor committed error in giving appellee, R. B. Wyatt, the original lessor, preference on the rent money due by the under-tenants, Win Harper and Eugene Bates. Appellant has favored us with no authorities in support of his contention. The authorities seem to be uniform in holding that an equitable lien exists in favor of the landlord, or original lessor, on the rent money in the hands of an under-tenant in case the lessee becomes insolvent. 16 R. C. L. 880; 24 Cyc. 1176; 18 A. & E. Enc. of Law (2 ed.) 430.

(2) But it is said that the chancellor made no finding that the estate of D. J. Young was insolvent. The pleadings presented an issue of insolvency and the agreed statement of facts showed the estate to be insolvent. It is unnecessary for a chancellor to set out all his findings of fact in a decree. It will be presumed the chancellor found facts sufficient to support the decree if the pleadings and proof warranted him in so doing.

Finding no error, the decree is affirmed.