[Civ. No. 4942. First Appellate District, Division Two.—October 29, 1924.]

CITY INVESTMENT COMPANY (a Corporation), Respondent, v. EDWARD J. PRINGLE et al., Defendants; J. HOLMES WADE et al., Appellants.

[1] LANDLORD AND TENANT—INSOLVENT LESSEE—LIABILITY OF UNDER-LESSEES—EQUITY.—Where the lessee of premises becomes insolvent and there is no privity of contract between the owner and under-lessees, the owner cannot maintain an action at law against said under-lessees, based upon the covenants of the original lease; but said owner may maintain an action in equity against the original lessee and the under-lessees and recover judgment against the latter for the rentals paid by the under-tenants in actual occupation during the period of time the rentals under the original lease were unpaid.

---

1. Liability for rent as affected by sublease, notes, Ann. Cas. 1916E, 788, 832, 837, 842, 844. See, also, 16 **R. C. L.** 879; 15 **Cal. Jur.** 766.

[2] Id.—Action to Recover Rent—Pleading—Inconsistent Dates—
Findings—Judgment—Appeal.—Error of the trial court in over-
ruling a demurrer for uncertainty, predicated upon an inconsistency
in dates between an allegation of fact and a conclusion of law
stated in the complaint, will not be held to warrant a reversal on
appeal of the judgment rendered in favor of plaintiff, where the
overwhelming equities of the case are in favor of plaintiff and
the judgment has done what justice it might to plaintiff, and any
apparent inconsistency in the complaint was cleared up by the
findings of fact, wherein the exact situation was set forth, and,
defendants were aware at the time of trial of all the facts re-
lating to the matter and could not have been misled.

[3] Id.—Relationship of Defendants and Plaintiff—Inconsistent
Findings—Absence of Prejudice.—In an action by the owner,
against an insolvent lessee and certain under-lessees to recover the
amount of unpaid rentals, there is no inconsistency between a find-
ing to the effect that the defendant under-lessees are subtenants
of the original lessee and a finding showing that the original,
lessee leased to a second party, that the latter leased to a third
party, and that defendant under-lessees hold under a lease executed
by said third party, where the first finding is construed in the
broadest sense of the term "sub-tenant," and the second finding
is construed as a particular statement of how such general relation-
ship arose; but, even though such findings be treated as inconsistent
in their import, such inconsistency is of no importance, where
said defendant under-lessees are liable under either set of circum-,
stances.

[4] Id.—Nonjoinder of Intermediate Lessees—Demurrer.—In such
action, the objection that there is a nonjoinder of parties, in that
all the holders of intermediate leases are not joined, must be pre-
sented by special demurrer, and where not so presented such ob-
jection cannot be urged on appeal.

[5] Id.—Forfeiture of Original Lease—Rights of Under-lessees—
Rents Recoverable by Owner.—The original lease having been
forfeited for nonpayment of the rent, the rights of all under-
lessees were thereupon forfeited; and thereafter the possession of
under-lessees was without right, and the owner was entitled to
recover the amount of rentals collected by said under-lessees from
the tenants in actual occupancy.

(1) 36 C. J., p. 379, sec. 1244.   (2) 4 C. J., p. 1170, sec. 3196.
(3) 4 C. J., p. 1057, sec. 3040.   (4) 3 C. J., p. 765, sec. 679.   (5) 35
C. J., p. 1068, sec. 239; p. 1077, sec. 251.

2.  See 2 Cal. Jur. 1012.
3.  See 2 Cal. Jur. 1030.
4.  See 20 Cal. Jur. 576.
5.  See 16 R. C. L. 1140; 15 Cal. Jur. 782.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Knight, Boland, Hutchinson & Christin for Appellants.

Nathan Moran for Respondent.

LANGDON, P. J.—This is an appeal upon the judgment-roll. A judgment was rendered against defendants Wade and Mason for the amount of rent which they had collected from subtenants of real property belonging to the plaintiff.

The facts are complex and we quote from the findings of the court only those which are pertinent upon this appeal. On June 22, 1909, the owners of a certain two-story and basement building, situated at Eddy and Market Streets, San Francisco, California, entered into a lease of the same to William B. Pringle. By mesne conveyances the present plaintiff acquired the fee-simple title to the property and has been the owner of the same ever since November, 1913. The following rights attached to the interest of the lessee, Pringle: Pringle leased to D. D. Oliphant, which lease expired on June 22, 1919; Oliphant leased to James Hansen, which lease expired on June 21, 1919; Hansen leased to Fred Sturm and Kate Mason, which lease expired on February 21, 1919. Sturm, subsequently, transferred his interest to defendant Wade. During all of this time, portions of the premises were in the actual occupation of various subtenants, and at the times with which this action is concerned these various occupants were paying rent to defendants Wade and Mason.

On December 19, 1916, the immediate lessee of plaintiff, William B. Pringle, died. Claims for rent under his lease were duly and regularly filed with the executors of his last will and testament. The said executors held the premises under the lease with their testator until February 26, 1919, although no rent was paid by them after December 22, 1917. The court found that the amount of rent due from said executors to plaintiff, together with interest, amounted at the time of the trial to over $48,000, and that the estate of Will-

iam B. Pringle, deceased, was insolvent and without assets of any kind and that plaintiff could not recover said amount therefrom. But it was also found that during this period from December 22, 1917, to February 26, 1919, when no rent was paid, the defendants Wade and Mason were subtenants of the property and through their several subtenants, were, during said time, in possession and occupation of all of said leased premises and receiving the rents, issues and profits thereof. The court then found the various amounts which had been paid by the tenants in actual occupation to Wade and Mason, aggregating the sum of $23,062.33. The judgment appealed from awarded to plaintiff this sum against appellants Wade and Mason.

It was also found that at the time this money was received from the tenants in possession by Wade and Mason, both said Wade and Mason knew that the estate of Pringle was insolvent, and all of said sums of money so received by them were retained by said Wade and Mason; that prior to the commencement of the action, the plaintiff made demand in writing upon each of the defendants for the payment of the rent reserved in the original lease and due and unpaid to plaintiff and for the possession of the premises. When defendants failed to pay said rent a receiver was appointed on January 27, 1919, at the instance of the plaintiff, to collect the rents from the tenants in actual occupation.

The findings are not entirely clear with reference to the facts concerning an action in ejectment commenced by the plaintiff herein on October 31, 1918, against the executors of Pringle's last will and testament and certain other persons who were subtenants, but in said action plaintiff was awarded the relief asked on February 26, 1919, and it was decreed that the original lease of the property was forfeited for failure to pay rent thereunder.

[1] The appellants urge that their demurrer should have been sustained because there was no privity of contract between them and the original lessor and no recovery could be had against them in an action brought by said lessor.

The answer to this contention is that the action is not one at law, where the objection made by appellants would be good, but is a suit in equity, the very basis of which is the inadequacy of the legal remedy to do justice between the parties. The nature of such a suit is stated in Story's

Equity Jurisprudence, fourteenth edition, paragraph 926g, as follows: "The beneficial effect of this jurisdiction in equity may be further illustrated by reference to the doctrine at law in cases of derivative titles under leases. It is well known that, although a derivative lessee or under-tenant is liable to be distrained for rent during his possession, yet he is not liable to be sued for rent on the covenants of the lease, there being no privity of contract between him and the lessor. But suppose the case to be that the original lessee is insolvent and unable to pay the rent; the question would then arise whether the under-lessee should be permitted to enjoy the profits and possession of the estate without accounting for the rent to the original lessor. Undoubtedly there would be no remedy at law. But it is understood that in such a case courts of equity would relieve the lessor and would direct a payment of the rent to the lessor upon a bill making the original lessee and the under-tenant parties. For if the original lessee were compelled to pay the rent, he would have a remedy over against the under-tenant. And besides, in the eyes of a court of equity, the rent seems properly to be a trust or charge upon the estate; and the lessee is bound, at least in conscience, not to take the profits without a due discharge of the rent out of them.''

In *Young, Admr.,* v. *Wyatt,* 130 Ark. 371 [197 S. W. 575], it was said: "The authorities seem to be uniform in holding that an equitable lien exists in favor of the landlord, or original lessor, on the rent money in the hands of an under-tenant, in case the lessee becomes insolvent.''

It appears from the foregoing that in an action such as this, equity is concerned primarily with the issues and profits which arise from the property in the form of rents paid rather than with the contractual relations of the parties. It falls within the purview of the language of Mr. Justice Field in *Freeman* v. *Alderson,* 119 U. S. 185, 187 [30 L. Ed. 372, 7 Sup. Ct. Rep. 165, see, also, Rose's U. S. Notes]: "There is, however, a large class of cases which are not strictly actions *in rem,* but are frequently spoken of as actions *quasi in rem,* because though brought against persons, they only seek to subject certain property of those persons to the discharge of the claims asserted. . . . But they differ, among other things, from actions which are strictly *in rem,*

in that the interest of the defendant is alone sought to be affected, that citation to him is required, and that judgment therein is only conclusive between the parties.''

In speaking of an analogous situation, the supreme court of this state, in *Harris* v. *Reynolds*, 13 Cal. 514, 518 [73 Am. Dec. 600], likened the relationship between the parties to that of trustee and *cestui que trust*, saying: ''The only other question is as to the remedy. It is argued that, conceding the plaintiff's right, a bill in equity of this sort is not the appropriate means of relief. But we think otherwise. The defendants being in possession of this property, were trustees for the plaintiff. The profits consisted of many sales and transactions, requiring the settlement of a long and complicated account, which could not well be settled at law; besides, many other equitable circumstances exist here—the alleged insolvency of defendants; the partial conversion of the fund, the threatened loss of it; the interest of other parties requiring adjustment and settlement. The further fact that Reynolds was the treasurer of the ditch company into whose hands the installments due on the interest sold as his came, is also of force in showing the propriety of this remedy. The whole bill, however, might well rest on these facts, that the defendants were merely trustees of this fund for the plaintiff, and that the fund was in danger of loss; and these facts would uphold the power of chancery to protect the trust property.''

The foregoing authorities and the conclusion we reach from a consideration of the same also dispose of other points made by appellants which are based upon the fact that there was no direct contract relationship between the parties. One of these contentions is that if any recovery is had, it must be for the amount reserved in the lease given to Wade and Mason, and that such amount is not stated in the complaint. Appellants state, with reference to this matter, ''that the sublessee can never be made liable for rent reserved in the main lease between the original lessor and the original lessee.'' There can be no question about the correctness of this position, but the appellants were not held liable for any such amount of rent. The rent in arrears under the original lease, according to the findings, was something over $48,000; the appellants Wade and Mason are charged with what they actually collected from the property and retained for their

own use, and the amount thereof was less than half what was due the plaintiff under the original lease.

[2] Appellants contend that the complaint is insufficient to state a cause of action because it is stated therein that the plaintiff was entitled to the possession of the premises on December 22, 1917, while it is sought to recover rents and profits thereof until February, 1919, when the receiver took charge. Upon the mere statements of those isolated facts, it would seem that there was some inconsistency about the complaint, but an examination of the same discloses that it was alleged that the rent due for the period commencing on December 22, 1917, and ending on February 26, 1919, had not been paid to plaintiff, and in another portion of the complaint it was stated "and said plaintiff, ever since the 22d day of December, 1917, has been and now is entitled to the possession of the said premises." Technically, this is a conclusion of law and not an allegation of fact, and even though we were to concede that the special demurrer directed to this defect in the complaint should have been sustained, it would not warrant a reversal of the judgment in this case. The overwhelming equities appear from the record to be in favor of the plaintiff, and the judgment, clearly, has done what justice it might to the plaintiff. Any apparent inconsistency in the complaint is cleared up by the findings of fact, wherein the exact situation is set forth, and the appellants were aware at the time of the trial of all the facts relating to the matter so that they could not have been misled. What we have just stated applies equally to other minor objections raised by the appellants and predicated upon alleged defects in the complaint. If any uncertainties appear therein all doubts are dispelled by the findings, from which the respective rights and obligations of the parties are made evident.

[3] It is asserted that there is an inconsistency in the findings in that in one place it is found that Wade and Mason were subtenants of Pringle, deceased, while in another place the facts heretofore recited with reference to the making of the several leases from Pringle to Oliphant, from Oliphant to Hansen, and from Hansen to Wade and Mason, are set forth. While these findings may be reconciled by construing the first one in the broadest sense of the term, subtenant, and the second one, as a particular statement of

how this general relationship arose, nevertheless, if we were to regard them as inconsistent in their import, the inconsistency is of no importance, because under the theory of this action the appellants are liable under either set of circumstances.

[4] It is also urged that the complaint was demurrable for nonjoinder of parties in that all the holders of intermediate leases were not joined. It is sufficient answer to this objection to point out that this question should have been raised by special demurrer, and it was not so presented.

[5] The appellants insist that Wade and Mason were entitled to retain the rents received by them from the tenants in actual occupation, and that at most they should be held to account merely for the sum due under their lease to Hansen or for the reasonable value of the premises. While the amount due by Wade and Mason, as lessees, is not disclosed by the record, it is obvious as a matter of simple calculation that it was in excess of the amount actually recovered by the plaintiff. For it does appear that the amount due plaintiff under the original lease was over $48,000, and unless the successive leases were made with the object of losing and not making money the rent reserved in the last one would not have reached so low a figure as $23,000, and the discrepancy between the amount recovered from Wade and Mason and the rent reserved in the original lease would indicate that the appellants have not been charged with more than the reasonable value of the premises. But apart from these considerations, the original lease was forfeited for nonpayment of rent, which forfeited the rights of all holding under said lease. Thereafter, the possession of the appellants was without right and the plaintiff is entitled to recover the mesne profits.

There are no other matters involved in the appeal which require discussion and the judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 26, 1924.

All the Justices present concurred.