69 F.2d 513 (1934)
In re UNITED CIGAR STORES CO. OF AMERICA.
REISENWEBERS, Inc.,
v.
IRVING TRUST CO.
No. 248.
Circuit Court of Appeals, Second Circuit.
March 5, 1934.
*514 Zalkin & Cohen, of New York City (Israel Akselrod, of New York City, of counsel), for petitioner-appellant.
Cravath, de Gersdorff, Swaine & Wood, of New York City (William D. Whitney and *515 R. L. Gilpatric, both of New York City, of counsel), for respondent-appellee.
Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.
AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above).
The principal question arising on this appeal relates to the extent of the rental obligation incurred by a trustee in bankruptcy, who, while determining whether to adopt or reject a lease of premises theretofore made to the bankrupt, has occupied only a part of the demised premises. Upon the present record, we think the trustee is liable only for use and occupation of the portion physically occupied.
The Irving Trust Company, as trustee in bankruptcy of United Cigar Stores Company, occupied the corner of certain premises demised by Reisenwebers, Inc., to the bankrupt, and conducted thereon the former business of the bankrupt. It also furnished heat and elevator service for the remaining portion, made some current repairs therein, and attempted to collect rents from subtenants who had taken leases thereof from the bankrupt. It is contended by Reisenwebers, Inc., that the trustee is not only liable to pay the reasonable rental value of that part of the premises which it physically occupied, but also the reasonable value of the entire premises leased.
Neither chancery receivers nor trustees in bankruptcy are automatically vested with the title to leaseholds belonging to an insolvent. They take title to a lease only in case they conclude that acceptance is advantageous to the estate and elect to adopt the lease within a reasonable time. If they do so elect, the title relates back to the date of the filing of the bill or petition. So far as they go into occupation of leased premises without adopting the lease, the landlord has a right to compensation for use and occupation out of funds in their hands. It is an equitable right based upon the reasonable value of the use and occupation. Oscar Heineman Corp. v. Nat Levy & Co. (C. C. A.) 6 F.(2d) 970, 43 A. L. R. 727; In re Sherwoods, Inc. (C. C. A.) 210 F. 754, Ann. Cas. 1916A, 940; In re Frazin (C. C. A.) 183 F. 28, 31, 33 L. R. A. (N. S.) 745.
No one disputes that the trustee is liable to pay for occupying the cigar store between August 29, 1932, and November 29, 1932, when it vacated it. But the appellant insists that it is also liable to pay for the reasonable value of the remainder of the leasehold upon the theory that it was in constructive possession. In making this contention, it particularly relies on the decision of the Circuit Court of Appeals of the Sixth Circuit in Dayton Hydraulic Co. v. Felsenthall, 116 F. 961. There a chancery receiver never physically occupied or used certain leasehold property of an insolvent. He at first asked the lessor for time to look into the matter and determine whether to adopt the lease or not. Thereafter, when a demand for payment of rent or a surrender of the property was made by the latter, the receiver offered a surrender only on condition that all claims for rent be released. Finally, after six years, the lessor field a petition praying that the receiver be ordered to pay the rent, which was answered by a denial of liability and without any offer to surrender control of the premises. In these circumstances, the court held that the unoccupied leasehold property, which was a mill and had been retained by the receiver in order to avoid competition with other mills that he was operating, was to be regarded as in his constructive possession, because he had appropriated it for the benefit of the other properties in his charge. The receiver was accordingly adjudged liable for rent accruing up to the time when the premises were surrendered to the landlord. He was found to have used the property for the benefit of the business of the insolvent and therefore to be liable under the rule laid down by Lindley, L. J., in the decision of In re Oak Pits Colliery Co., 21 Ch. Div. 322.
In the present case the facts are quite different from those in Dayton Hydraulic Co. v. Felsenthall (C. C. A.) 116 F. 961. While occupancy of the cigar store was for the purpose of conducting the business, maintenance of heat and elevator service and temporary repairs were almost entirely in order to preserve the status quo until the trustee could determine whether to adopt the lease or not. They were for the benefit of whatever party (whether the trustee or the bankrupt) might ultimately be entitled to the leasehold, and were for the benefit of the landlord as well in order that, when the premises finally reverted to it, they might be in proper rentable condition.
In Meehan v. King, 54 F.(2d) 761, the Circuit Court of Appeals of the First Circuit, and in Irving Trust Co. v. Densmore, 66 F.(2d) 21, the Circuit Court of Appeals of the Ninth Circuit, held that the mere collection of rents by a receiver in bankruptcy or equity from subtenants of the insolvent did *516 not amount to constructive possession of the demised premises by the receiver and involved no obligation on his part to pay the landlord for use and occupation. The notice that the trustee gave to all landlords on October 6, 1932, setting forth that it was liable for use and occupation of the cigar store but desired to agree with the landlord upon the elimination from the lease of the additional space, was quite in accord with the rule laid down by the foregoing decisions, and was plainly intended to limit the rental obligation of the trustee to payment for space actually used and occupied. The supplying of heat and elevator service and the making of a few necessary repairs did not involve actual or constructive possession by the trustee. Nor did the collection of rents from the subtenants involve such possession. By ample notice the trustee had informed the landlord that it was proceeding to determine whether to adopt or reject the lease, that any rent which it collected from the subtenants would be held in a special deposit, and that it would "account to the landlord for any net rentals collected by it from subtenants in case of rejection of any lease." During the period of suspense some responsible person had to look after the property. The trustee had a contingent interest in the subleases and rentals which would become vested if the main lease was adopted, and cease if it was rejected. The collection of rents and the maintenance of the property in good order were in the interest of the trustee, the landlord, and the bankrupt. The method adopted to preserve the status quo was reasonable.
The only decision on all fours with the present case is that of In re J. Frank Stanton Co. (D. C.) 162 F. 169. There a bankrupt was lessee of a large storeroom, half of which it had partitioned off and sublet. The trustee in bankruptcy took possession of only the half which had been occupied by the bankrupt and used it while closing out the estate, meanwhile refusing to pay rent for the other half. The court held that the trustee should pay only "what would be a fair return for the use of the store which he occupied." We think the decision was correct and that the trustee in the case at bar should only be held liable for the value of the use and occupation of the portion of the demised premises which it actually occupied.
Inasmuch as the petition of the landlord did not pray for any disposition of the rentals collected by the trustee, or of the security furnished by the subtenants which remains in the hands of the trustee, the court below made no attempt to determine anything beyond the application by the landlord to require the trustee to pay for use and occupation of the leasehold, which it only granted to the extent that the premises were occupied by the trustee as a cigar store. It ordered that the determination of the reasonable rental value of the store should be postponed and the hearing as to this matter reopened on the application of either party.
Questions as to the disposition of rents collected from the subtenants and of the security furnished by them may arise in future proceedings. We scarcely have enough information to say whether any of the payments to furnish heat and elevator service and for current repairs, or, if any, what portion may be a proper offset against rents received from the subtenants. These questions have not been argued, nor are they raised in the pleadings. But it may properly be said as a guide to future action that rents which accrued upon the subleases between the date of the filing of the petition and the surrender of the premises by the trustee on November 29, 1932, would have belonged to the latter if it had adopted the lease. As it did not adopt the lease, they revert to the bankrupt subject to a lien on behalf of the landlord to satisfy the rent under the main lease. That this is the law appears from Otis v. Conway, 114 N. Y. 13, 20 N. E. 628; Haley v. Boston Belting Co., 140 Mass. 73, 2 N. E. 785; Louisville Woolen Mills v. Tapp (C. C. A.) 239 F. 463, at page 468; Balfe v. Blake, 1 Irish Ch. 365; Kemp v. San Antonio Catering Co., 118 Mo. App. 134, 93 S. W. 342; Young v. Wyatt, 130 Ark. 371, 197 S. W. 575; Citizens' Savings & Trust Co. v. Rogers, 162 Wis. 216, 155 N. W. 155, at page 160; Story, Equity Jur. (14th Ed.) § 926 (g).
In Haley v. Boston Belting Co., 140 Mass. 73, 2 N. E. 785, 786, the Massachusetts Supreme Court held that, when a lessee became a bankrupt and his assignees elected not to assume the lease, "the rent due from the sublessees at the time of the bankruptcy belongs to the assignees" in bankruptcy; "that which has accrued subsequently can be reached in equity by the lessor. * * *" In Otis v. Conway, 114 N. Y. at page 16, 20 N. E. 628, 629, the New York Court of Appeals laid down the rule that "The creditors of an insolvent lessee can have no * * * claim to the profits issuing from leased land until after the landlord's claim for rent is satisfied." Here the United Cigar Stores Company is an insolvent, and its landlord, Reisenwebers, Inc., has a lien on rents paid by the *517 subtenants to the trustee, and also upon uncollected rentals as well to the extent necessary to satisfy the rent due and remaining unpaid under the main lease. We are not prepared to say whether any part of the expenditures by the trustee in respect to the leased premises may be set off against the rents which it collected.
After the lease was rejected, the trustee had no interest in uncollected rents which had accrued between the date of the filing of the petition and of the surrender of the lease. All causes of action for these rentals would revert to the bankrupt subject to the equitable lien of the appellant as landlord to secure payment of any deficiency of rent under the main lease. These causes of action would not relate to property in the possession of the bankruptcy court or involve matters with which it is concerned, and would ordinarily have to be brought in the state courts.
The security deposited by the subtenants with the bankrupt, which is now apparently in the hands of the trustee, should be disposed of by order of the bankruptcy court made upon application of the landlord upon notice to the bankrupt, the trustee, and the subtenant who made the original deposit.
The order is affirmed.