S. S. KRESGE CO. *v.* TWELVE SEVENTY-FIVE WOODWARD AVENUE CORP.

1. LANDLORD AND TENANT — RENT — SUBLESSEE — INSOLVENCY OF LESSEE.

    At common law a landlord has an equitable lien on rent owing by a sublessee in case of insolvency of the lessee.

2. SAME—RENT—PROFITS—EQUITABLE LIEN.

    Rent is something which a tenant renders out of the profits of the land which he enjoys; and neither the lessee nor his creditors have equitable claim to the profits until after landlord's claim for rent is satisfied.

3. SAME—RENT—INSOLVENT LESSEE—CREDITORS.

Equitable lien of landlord to fund awarded by Federal court as rental owed by receiver in bankruptcy of actual occupant *held*, paramount to claims of creditors of insolvent lessees and sublessee.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted October 9, 1934. (Docket No. 62, Calendar No. 38,034.) Decided January 7, 1935.

Petition for declaratory decree by S. S. Kresge Company, a Michigan corporation, against Twelve Seventy-Five Woodward Avenue Corporation, and Times Square Trust Company, New York corporations, and Detroit Trust Company, a Michigan corporation, to determine right to a fund held by defendant Detroit Trust Company. Decree for plaintiff. Defendants Twelve Seventy-Five Woodward Avenue Corporation and Times Square Trust Company appeal. Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Bryant, Lincoln, Miller & Bevan,* for defendants.

FEAD, J. In 1923 plaintiff leased premises for 10 years to William and Annie Feinstein. The latter, being indebted to Samuel Cassidy, executed to him a sublease of the premises as security. In 1927, some rather complicated refinancing instruments were executed. The Twelve Seventy-Five Woodward Avenue Corporation was organized to hold the sublease. Thereupon Cassidy canceled his sublease; a sublease was executed by the Feinsteins to the Twelve Seventy-Five Woodward Avenue Corporation; all the capital stock of the corporation was assigned to Cassidy as security for the debt owed him

by the Feinsteins; the corporation agreed to pay directly to plaintiff the rent due it under the Feinstein lease; and it guaranteed payment of the Cassidy debt and agreed to pay him a certain sum weekly thereon. The corporation sublet verbally to Louis J. Wohl, Inc., the actual occupant.

Defendant Times Square Trust Company loaned Louis J. Wohl, Inc., $25,000. The loan was secured by a second lien on the stock of Twelve Seventy-Five Woodward Avenue Corporation. Later it paid the balance of the Cassidy debt. Repayments have been made to it and the present balance owing this defendant is $10,792.79.

In December, 1929, Louis J. Wohl, Inc., became a bankrupt. The Feinstein lease was terminated by plaintiff in February, 1930. The receiver in bankruptcy occupied the premises thereafter and the Federal courts have awarded $15,500 as rental owed by the receiver. The sum is to be paid to the Detroit Trust Company as stakeholder designated by the contesting parties hereto.

Plaintiff has an assignment of the fund from the Feinsteins. Defendant Times Square Trust Company has an assignment from Twelve Seventy-Five Woodward Avenue Corporation and also claims an assignment from the Feinsteins prior to plaintiff's. The assignments are of no moment and the respective priorities thereunder need no consideration.

Plaintiff claims the fund by virtue of an equitable lien arising out of the fact that it is the owner and landlord of the premises and both the lessees, Feinsteins, and sublessee, Twelve Seventy-Five Woodward Avenue Corporation, are insolvent. Defendant Times Square Trust Company denies plaintiff's right to an equitable lien and claims superior equities. Plaintiff had decree.

The question whether a landlord has an equitable lien on rent owing by a sublessee in case of insolvency of the lessee is new in this State. But it was the rule at common law, is sustained by authority, and none has been cited or found to the contrary. It was announced in 1683 in *Treackle* v. *Coke,* 1 Vern. 165 (23 Eng. Rep. 389). The basis of the lien is stated in *Otis* v. *Conway,* 114 N. Y. 13, 16 (20 N. E. 628):

"Technically, rent is something which a tenant renders out of the profits of the land which he enjoys. Equitably, it is a charge upon the estate, and the lessee, in good conscience, ought not to take the profits thereof without a due discharge of the rent. *   *   * The creditors of an insolvent lessee can have no moral or equitable claim to the profits issuing from leased land, until after the landlord's claim for rent is satisfied."

See, also, *Riggs* v. *Whitney,* 15 Abb. Prac. (N. Y.) 388; *Haley* v. *Boston Belting Co.,* 140 Mass. 73 (2 N. E. 785); *City Investment Company* v. *Pringle,* 69 Cal. App. 416 (231 Pac. 355); *Young* v. *Wyatt,* 130 Ark. 371 (197 S. W. 575); *Forrest* v. *Durnell,* 86 Tex. 647 (26 S. W. 481); *Kemp* v. *San Antonio Catering Co.,* 118 Mo. App. 134 (93 S. W. 342); *Glasner* v. *Fredericks,* 73 Mo. App. 424; 16 R. C. L. p. 880; 36 C. J. p. 369.

In declaring the lien, the courts recognize the fact that no privity of contract exists between the landlord and sublessee which would support an action at law. The lien is paramount to the claims of the lessees' creditors. Giving defendant's claims their greatest force, it has succeeded to the rights of the lessees, Feinsteins, and sublessee, Twelve Seventy-Five Woodward Avenue Corporation, in the fund

and also is the creditor of one or both of them. In neither capacity are its equities superior to those of the plaintiff.

Decree affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.