[Civ. No. 2442.   Fourth Appellate District.—February 1, 1940.]

## J. H. MACKLIN, Respondent, v. JACK BRITTAIN et al., Appellants.

Paul C. Hill and E. P. Peers for Appellants.

No appearance for Respondent.

MARKS, J.—This is an appeal from a judgment and an order denying a motion for new trial in an action to quiet title against the owners of portions of the landowners' royalty under an oil lease.   An order denying a motion for new trial is not appealable.   (Sec. 963, Code Civ. Proc.).

We have no appearance by respondent who has furnished neither a brief nor an argument supporting the judgment.

On August 22, 1933, plaintiff, as owner, leased to the San Marque Oil Company, a corporation, land in the city of Huntington Beach, California, for the purpose of drilling for and producing oil and other hydrocarbons therefrom. The lease was for a period of five years and "so long thereafter as drilling operations on said premises are being conducted, or deferred under provisions herein, and should production of one or more of the products specifically mentioned in the next succeeding paragraph result from said

drilling operations, then this lease shall remain in force so long thereafter as one or more of said products are producible from said premises, subject to compliance with the terms and conditions hereof''. A twenty-five per cent royalty was reserved to the landowner.

On the same day the plaintiff and his wife assigned to Jack Brittain eight and one-third per cent landowners' royalty. Brittain assigned interests in the landowners' royalty to the other defendants. These assignments were duly acknowledged and recorded. Thereafter the lessee quitclaimed the leased property to plaintiff.

█ It is now thoroughly settled in California that where a landowner assigns fractions of his landowner's royalty receivable under a lease which is unlimited in duration, the assignee acquires a *profit à prendre* and has vested in him, ''an incorporeal hereditament, a present estate, an interest in the land, which is a chattel real if it is to endure for years.'' (*Callahan* v. *Martin,* 3 Cal. (2d) 110 [43 Pac. (2d) 788, 101 A. L. R. 871]), against which the landowner cannot quiet title under the circumstances here disclosed. (*Standard Oil Co.* v. *J. P. Mills Organization,* 3 Cal. (2d) 128 [43 Pac. (2d) 797]; *Dabney-Johnston Oil Corp.* v. *Walden,* 4 Cal. (2d) 637 [52 Pac. (2d) 237]; *Dabney* v. *Edwards,* 5 Cal. (2d) 1 [53 Pac. (2d) 962, 103 A. L. R. 822]; *Scheel* v. *Harr,* 27 Cal. App. (2d) 345 [80 Pac. (2d) 1035]; *Morrow* v. *Coast Land Co.,* 29 Cal. App. (2d) 92 [84 Pac. (2d) 301]; *Lever* v. *Smith,* 30 Cal. App. (2d) 667 [87 Pac. (2d) 66]; *Pimentel* v. *Hall-Baker Co.,* 32 Cal. App. (2d) 697 [90 Pac. (2d) 588]; *Sandrini* v. *Branch,* 32 Cal. App. (2d) 707 [90 Pac. (2d) 593]; *Andrews* v. *W. K. Company,* 35 Cal. App. (2d) 41 [94 Pac. (2d) 605].) It follows that the judgment cannot be sustained.

Judgment reversed. The appeal from the order denying the motion for new trial is dismissed.

Barnard, P. J., and Griffin, J., concurred.