[Civ. No. 2625. Fourth Dist.—April 17, 1941.]

DOS PUEBLOS RANCH & IMPROVEMENT COMPANY (a Corporation), Respondent, v. ROLLO ELLIS et al., Defendants; D. E. KNIEPER et al., Appellants.

P. Talbot Hannigan for Appellants.

Heaney, Price, Postel & Parma and Clarence A. Rogers for Respondent.

MARKS, J.—This is an appeal from a judgment entered after plaintiff's motion for judgment on the pleadings had been granted. It is an appeal in the same case, but by other defendants, as the appeal in the case of *Dos Pueblos Ranch*

& *Improvement Co.* v. *Ellis,* 8 Cal. (2d) 617 [67 Pac. (2d) 340]. The judgment in that case, entered after plaintiff's motion for judgment on the pleadings had been granted, cancelled the oil lease executed by the Dos Pueblos Ranch & Improvement Company to Rollo Ellis. That judgment has become final and that lease has been terminated by that judgment.

The same land and the same lease is involved here. Counsel for these appellants has stipulated that the only interest or claim of appellants in or to the leased property is through Ellis under the cancelled oil lease. ■ He argues that the assignments of interests in the hydrocarbons produced under the Ellis lease to appellants created in them a present interest in real property which is a *profit à prendre* in gross, a vested interest in real property. (See *Callahan* v. *Martin,* 3 Cal. (2d) 110 [43 Pac. (2d) 788, 101 A. L. R. 871] ; *Standard Oil Co.* v. *John P. Mills Organization,* 3 Cal. (2d) 128 [43 Pac. (2d) 797] ; *Dabney-Johnston Oil Co.* v. *Walden,* 4 Cal. (2d) 637 [52 Pac. (2d) 237] ; *Dabney* v. *Edwards,* 5 Cal. (2d) 1 [53 Pac. (2d) 962, 103 A. L. R. 822] ; *Schiffman* v. *Richfield Oil Co.,* 8 Cal. (2d) 211 [64 Pac. (2d) 1081] ; *George* v. *Weston,* 26 Cal. App. (2d) 256 [79 Pac. (2d). 110] ; *Scheel* v. *Harr,* 27 Cal. App. (2d) 345 [80 Pac. (2d) 1035] ; *Lever* v. *Smith,* 30 Cal. App. (2d) 667 [87 Pac. (2d) 66] ; *Pimentel* v. *Hall-Baker Co.,* 32 Cal. App. (2d) 697 [90 Pac. (2d) 588] ; *Sandrini* v. *Branch,* 32 Cal. App. (2d) 707 [90 Pac. (2d) 593] ; *Macklin* v. *Brittain,* 37 Cal. App. (2d) 120 [98 Pac. (2d) 749].)

The rule contended for by appellants is thoroughly established but its application here is not apparent. ■ While the assignments or transfers from Ellis to appellants created in them a *profit à prendre* in gross, that profit could not survive the lawful cancellation of the lease under which they claim. (*Payne* v. *Callahan,* 37 Cal. App. (2d) 503, at page 518 [99 Pac. (2d) 1050].) As the main lease under which appellants claim has been lawfully cancelled and terminated by decree of court because of breaches of covenants in the lease sufficient to terminate the entire leasehold estate, appellants' interest under that lease was terminated. (*City Investment Co.* v. *Pringle,* 69 Cal. App. 416 [231 Pac. 355].) ■ As they have no interest under the lease in the leased property

they cannot complain of the judgment against them quieting plaintiff's title to it.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.