[Civ. No. 5387. Fourth Dist. Apr. 22, 1957.]

EDITH E. GREENLEAF, Respondent v. S. A. CAMP GINNING COMPANY (a Corporation) et al., Appellants.

Baker, Palmer, Wall & Raymond and Stephen E. Wall for Appellants.

Kendall & Howell and William A. Howell for Respondent.

GRIFFIN, J.—The original action commenced by respondent Edith E. Greenleaf against S. A. Camp Ginning Company, a corporation, et al., including appellants James Camp (also known as Yelton Camp) and Betty Camp, husband and wife, was for declaratory relief seeking a determination of the legal rights of the respective parties, under certain deeds, to mineral lands in Kern County. Respondent claims a proportionate share of the royalty interest. Copies of the deeds in question are attached to and made a part of the complaint. In appellants' answer they contend they are entitled to 12¼ per cent of the 24½ per cent of all bonuses, royalties, etc. under any oil or gas lease upon the land described. Defendants Phil Ohanneson and Anina M. Ohanneson seek a declaration of their claimed rights in said royalties, to wit, 12¼ per cent of the 24½ per cent. Defendant Lerdo Land Company, a corporation, admits the execution of the deed (Exhibit B attached to the complaint) and admits the execution of two leases of its mineral rights in the property to Bell Petroleum Company, and that they received $13,949.38 as the first year's rent; admit that 24½ per cent of this amount or $3,104.89 (subsequently increased to $6,209.78 by reason of one more payment due) was received by it; admit that other named and unnamed defendants claim a proportionate share of this sum; and that they seek a declaration of their respective rights. It filed a cross-complaint bringing in those additional defendants in order that their claims might be adjudicated and paid from the impounded fund deposited in court. Disclaimers were filed by some of the named defendants. The final dispute was between Edith E. Greenleaf, as successor in interest of Lawson L. Lowe, Inc., a dissolved corporation, and appellants James and Betty Camp. The court found generally in favor of respondent, and by judgment awarded the cross-complainant Lerdo Land Company $450 as attorney's fees under section 386.6 of the Code of Civil Procedure, payable from said deposit, awarded Ohanneson $2,810.77, and the respondent Greenleaf $2,949.01, and by adjustment of acreage

declared that a 51.2 per cent of 24½ per cent interest in the future royalties above mentioned belonged to respondent.

By deed (Exhibit 1) dated May 22, 1941, Lerdo Land Company conveyed to appellant James Camp and Phil Ohanneson the property involved, with the following reservation:

"RESERVING UNTO GRANTOR for a period of fifty (50) years from date hereof all oil, gas or other hydrocarbon substances and minerals of every kind, nature and description in, under and that may be produced from said land, together with the right of ingress and egress during said time for the purpose of drilling and exploring for said minerals, oil, gas or other hydrocarbon substances and removing the same therefrom; said reservation, however, being subject to a covenant running with the land that grantor will endeavor to lease said premises for the production of minerals, oil, gas or other hydrocarbon substances upon such terms as in the opinion of grantor are advantageous, and in the event that grantor receive rent, royalties or bonuses from any such transaction, fifty-one per cent (51%) of the same shall be retained by grantor herein, twenty-four and one-half per cent (24½%) of the same shall be paid to grantees, and twenty-four and one-half per cent (24½%) of the same shall be paid to W. K. LEE . . . In the event grantor conducts any such operations on its own account, then the net benefits so derived shall be divided as follows: fifty-one per cent (51%) to grantor, twenty-four and one-half per cent (24½%) to grantees and twenty-four and one-half per cent (24½%) to W. K. LEE . . ."

By deed (Exhibit 2) dated December 10, 1941, appellants Camp and the Ohannesons conveyed all the property received by them from Lerdo Land Company through said deed (Exhibit 1) to Ann O'Brien, for the purpose of dividing the property between the Camps and the Ohannesons with the following recital:

"Subject to the reservation for a period of 50 years of all oil, gas or other hydrocarbon substances and minerals as contained in deed from Lerdo Land Company to Phil Ohanneson and James Camp, but including any and all interest of the grantors presently vested or that may vest in the future by virtue of the provisions of said deed, including the right to any and all rents or royalties that may accrue to the owner of said land under the provisions of said deed."

On the same date Ann O'Brien executed deeds (Exhibit 3 and Exhibit A) to the Camps as joint tenants and the Ohannesons, as joint tenants respectively, apparently dividing the

property equally by metes and bounds description. These deeds contained the same clause as above set forth in respect to the reservations. On October 17, 1942, appellants Camp conveyed to Lawson L. Lowe (Exhibit 4) the land they received under their deed from Ann O'Brien. It contained the following additional recital:

"Subject to the reservations contained in the Deed from Lerdo Land Company, a corporation, as Grantor to Phil O'Hanneson and James Camp, also known as Yelton Camp, as Grantees relating to Oil, Gas or other hydrocarbon substances. . . .

"Also subject to all conditions, reservations and restrictions now of record."

By deed of May 6, 1948 (Exhibit 5) Lawson L. Lowe and his wife, Edith E. Lowe, now Edith E. Greenleaf, plaintiff and respondent in this action, conveyed that property to Lawson L. Lowe, Inc., a corporation. The deed contained the additional recital: "Subject to reservations, restrictions, rights of way and easements of record." Finally, by deed dated March 31, 1952 (Exhibit 6) Lawson L. Lowe, Inc. conveyed that property to S. A. Camp Ginning Company. It contained the additional recital: "Except all oil, gas and other hydrocarbon substances and minerals." Respondent Edith E. Greenleaf has succeeded to the right, title and interest of Lawson L. Lowe, Inc., in the property in question.

Appellants' contentions are, as we construe them, that the deed from Lerdo Land Company to Camp and Ohanneson (Exhibit 1) effected a severance of the subject real property into two estates, one being an estate in minerals for a term of years and the other being the surface together with the remainder in the minerals after the expiration of the 50 year term; that appellants are entitled to the money and interest which the trial court awarded to respondent for the reasons that an examination of the recitals in the various deeds shows an intention on the part of the Camps *not* to convey to Lawson L. Lowe the Camps' interest in the 24½ per cent of the rentals from the minerals which the Lerdo Land Company covenanted in the original deed to pay to Camp and Ohanneson. It is then argued that even if it did show the intention advanced by respondent, respondent is not entitled to the share of the rents for the reason that said share is *personal property* which would not pass without express words of assignment, and since there were none, no title passed; that the covenant agreeing to pay 24½ per cent royalties is a species of personal property

and not a covenant of an oil and gas lease, which covenants normally run with the land.

Appellants admit they have found no California cases directly in point but rely on such authority as *Tegarden* v. *Beers*, 175 Kan. 610 [265 P.2d 845] ; and *McIntosh* v. *Vail*, 126 W. Va. 395 [28 S.E.2d 607, 151 A.L.R. 804].

The trial court found that as to the grantees Camp and Ohanneson the quoted covenant was a covenant that "ran with the land conveyed" and was not personal to Camp and Ohanneson. It is argued that under the law of California, a covenant to run with the land must benefit the land, citing section 1462 of the Civil Code; and that payment of rental or royalties from the estate reserved does not benefit the estate in the surface, citing *McIntosh* v. *Vail, supra*; 36 Am.Jur. p. 307, § 36; *Berryman* v. *Hotel Savoy Co.*, 160 Cal. 559 [117 P. 677, 37 L.R.A.N.S. 5] ; and 14 Cal.Jur.2d pp. 22-23, §§ 14 and 15. It is argued, accordingly, that the right to the money due the Camps was never assigned nor conveyed to respondent nor to her predecessors in interest by the deeds described.

Two principal questions are involved: (1) Did the deed from Lerdo Land Company, as grantor, to Ohanneson and Camp, as grantees, contain a covenant running with the land conveyed therein? And (2) Did the deed from appellants Camp to the predecessor in interest of respondent contain a reservation in favor of appellants?

██ The deed, Exhibit 1, to Ohanneson and Camp, as grantees, conveyed the land, with a reservation of the minerals in the grantor for 50 years. It specifically provided that this reservation was subject to a "covenant running with the land" in reference to the 24½ per cent interest in the royalties. The grantees therefore owned the minerals, subject to the reservation. This type of reservation comes within the recognized definition of covenants running with the land (*Richardson* v. *Callahan*, 213 Cal. 683 [3 P.2d 927] ; Civ. Code, §§ 1462 and 1463; *Sacramento S. F. L. Co.* v. *Whaley*, 50 Cal.App. 125 [194 P. 1054] ; 15 Cal.Jur.2d 588-589, § 182; *Barnard* v. *Jamison*, 78 Cal.App.2d 136 [177 P.2d 341] ; *Carlson* v. *Lindauer*, 119 Cal.App.2d 292 [259 P.2d 925] ; *Dos Pueblos Ranch & Imp. Co.* v. *Ellis*, 44 Cal.App.2d 299 [112 P.2d 302] ; *Callahan* v. *Martin*, 3 Cal.2d 110, 124 [43 P.2d 788, 101 A.L.R. 871] ; *Payne* v. *Callahan*, 37 Cal.App.2d 503 [99 P.2d 1050].) The authorities cited by appellant are factually dissimilar or are in conflict with the California cases on the subject.

██ The question then arises whether there was a reserva-

tion in favor of appellants of the right to the receipt of their proportionate share of the royalties mentioned in the grant deed from them to the predecessor in interest of respondent, wherein grantors, in consideration of $85,000, granted to grantee, Lowe, all of the described property "subject to the reservations" contained in the deed from Lerdo Land Company to Ohanneson and Camp relating to oil, gas or other hydrocarbon substances, and subject to reservations of record.

As will be noted, the Lerdo Land Company reserved the oil rights for a period of 50 years, with certain conditions attached. These conditions were stated in the deed to be a "covenant running with the land." Apparently, the reservation referred to in appellants' deed to Lowe was the reservation of the Lerdo Land Company to oil, gas and mineral rights in and to the land conveyed, together with the covenants attached, which run with the land. The obvious intent and purpose of the above provisions was only to prevent the grantors, the appellants, from conveying a greater interest in the property than they owned, and not to reserve title to the oil royalties in question. This is the construction placed on it by the trial court, and it has legal support. (*Tide Water Associated Oil Co.* v. *Curtin,* 41 Cal.App.2d 884 [107 P.2d 945]; *Shell Oil Co.* v. *Manley Oil Corp.,* 124 F.2d 714, 716; *Bacon* v. *Grossmann,* 71 App.Div. 574 [76 N.Y.S. 188, 189]; *Dagrosa* v. *Calabro,* 105 N.Y.S.2d 178.)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 19, 1957.